CabutiieRS, J".,
dolhrered tbe opinion of tbe court.
This is an appeal from tbe judgment of tbe circuit court of Davidson county, dismissing tbe writs of certi-orari and supersedeas, previously granted to tbe plaintiffs.
Tbe petitioner states, tbat on tbe 18tb February, 1852, judgment was obtained against bim and bis son-in-law, C. L. Freeman, before E. ~W. Green, Esq., in tbe city of Nashville, six miles from bis residence, for two hundred and one dollars, upon which execution has been issued. The warrant was served upon bim, but be did not attend upon the day of tbe trial, supposing it was all right, as be bad signed several notes as security for said Freeman, in tbe month of December, before; be bad been warranted in three or four cases of tbe same bind, and perhaps, in all, some twenty cases. Fie bad great confidence in bis son-in-law, and suspected no wrong until about tbe 17th of March, when bis suspicions became aroused; and, upon investigation then made, be found tbat bis name bad been forged in this, and many other cases; making, in tbe aggregate, an amount that would ruin bim to pay.
On tbe 9th of April, 1852, be filed bis petition for writs of certiorari and supersedeas, in this and other cases. He did not appeal, “because be did not know of tbe existence of tbe forgery, until tbe time within which be could appeal by law bad elapsed.”
Is this, taken in connection with tbe other facts stated, bis age, confidence in Freeman, bis character in tbe community, and tbat he bad signed sundry notes as his security, good and sufficient reason under tbe laws of this *178 State, for not resorting to the ordinary remedy by appeal ? This is certainly a strong case of merit, and relief ought to be extended, if it can be done without a violation of the settled rules of law. And in a case of so much hardship and such strong merits, we would be inclined to strain those rules, if it were not for the mischievous effect of such a precedent, and the importance of adhering to settled principles. It is true that this writ is mentioned in our Constitution, Art. VI., § 10, and its benefit secured to the citizens. But it can only be issrred “ on sufficient cause shown, supported by oath or affirmation.” It is left with the legislature or the courts, to determine what shall be “sufficient cause.” It was decided in this State, as early as 1808, in Henderson vs. Lackey, 2 Ten. Rep. 110, that there were but two grounds for dismissing this writ. 1. Wot showing satisfactorily why the ordinary remedy by appeal was not resorted to. 2. The want of merits on 'the face of the petition. The “sufficient cause” required by the Constitution does not exist, unless good and sufficient reason for not appealing is given. These grounds have boon adhered to by our courts ever since. What constitutes good cause for failing to appeal, has been well settled by a series of adjudications. And the question here is, whether the excuse assigned in this petition, comes up to the requirements of the law, as it is thus settled in this State.
The remedy by certiorari cannot be resorted to as a substitute for the appeal, except a case is made out in the petition that will shew the appeal was defeated.
1. By the oppressive 'or erroneous act of the court or justice.
2. By the wilful or negligent act of the clerk.
*179 3. By tbe contrivance or procurement of tbe adverse party.
4. By inevitable accident.
5. By the blameless misfortune of tbe petitioner. 1 Meig’s Dig. p. 164.
This accurate and discriminating classification of tbe grounds of excuse for failing to appeal, is well sustained by the following reported cases, decided by tbe supreme court of this State: 2 Ten. 110; 4 Hay. 100; 2 Ten. 108; 7 Yerg. 300; 2 Ten. 179; 5 Yerg. 108; 3 Humph. 148; 10 Yerg. 121; 2 Humph. 32, 34; 3 Humph. 137, 145; 8 Yerg. 165; 5 Humph. 46.
In none of these cases is a principle to be found, which will sanction the allowance of a certiorari as a substitute for an appeal, in a case like this.
Mr. McMurry was legally notified of the time and place of trial. It was his duty, if he desired to make any defense, to meet the plaintiff before the forum to which he was summoned, and, if not content with the judgment rendered, to appeal to a higher tribunal. It will not do to say that he supposed all was right, and therefore omitted to attend to his case. He has had “ his day in court,” and if he neglected to attend to his interest, he must abide the consequences. If he is injured, it is his misfortune, but not a “blameless misfortune.”
Men are required to be vigilant in attention to their rights. But he pleads that he was ignorant of the fact that the note on which he was sued was forged. So he would have remained, if he had never investigated the matter.
It was his duty to attend to this on the day of trial. That was the time fixed on by law. Perhaps if he had done his duty on that day, by going forward, and by *180 examination, ascertained and relied upon tbe existence of forgery in tbe case, tbe plaintiff in that suit would have been able to secure himself out of Freeman; which opportunity lias been lost by the delay. The fact also of his taking no steps, from the discovery of the forgery on the Uth March, till the 9th of April, looks very much like his object was, to give some advantages to his son-in-law, to tbe injury of his creditors. But, let this be as it may, that sound and necessary policy of the law, which requires every man to attend to his suits at a designated time, and that there should be an end to litigation, forbids that a judgment should be disturbed, and the rights of parties unsettled, under such circumstances as surround this case.
The judgment below is affirmed.