TotteN, J.,
delivered the opinion of the court.
This case, being an action of debt upon notes, was commenced before a justice of White, who rendered judgment for the defendants, McCormack and Miller. There was no appeal, but the case was removed to the circuit court by certiorari, on' petition of the plaintiff. A motion to dismiss the certiorari was made and overruled, and upon a trial de-novo, there was judgment on *48 the merits . for the plaintiff, from which the defendants appealed in error.
The question is, did , the court err in oyerruling the motion to dismiss the certiorari f
The writ being a substitute merely for the appeal, the case- tons upon the sufficiency of the eause assigned for not taking the appeal.
Erom the petition it appears, that the notes 'were placed in the hands of a constable for collection. Tl^ey were simple demands due by note, and no defence was known or apprehended.
Shorty after, the plaintiff became sick, and knew or heard nothing more of the matter, until after he recovered from his illness, when he learned that during his illness, there was. a trial which resulted in a judgment against him. As to the - merits, they appear in a clear and explicit statement.
It is clear, that the plaintiff was unable to attend the trial and take the appeal; but it is argued, that in such case it was his duty to send an agent. When we consider, however, that no contest was apprehended — that the case was a simple demand upon notes; that the constable had become agent for their collection; See Lee vs. Hardway, 6 Yer. 502 — that he gave no notice of the judgment against his principal, there is no ground for the. assertion that the party is at fault or guilty of negligence in not sending an agent to take the appeal. Such a doctrine would establish a harsh 'and rigid rule, and result in great injustice in many cases.
When the jurisdiction of a justice of the peace was limited to small amounts, a rigid rule on this subject *49 was of less consequence to parties, and bad tendency to 'terminate expensive litigations, in which the costs often became greater than the matter in issue. But now, the jurisdiction of the justice being extended to five hundred dollars, a new trial by jury in a more competent court, has become a matter of greater importance to the interests and rights of parties.
In this state of things, we are not disposed to adopt the strict and rigid rule of practice contended for, which must often have the effect to repel the remedy by certiorari, where no fault or negligence can be imputed to the party, defeat a jury trial in the circuit court, and result in injury to the rights of suitors.
We are of opinion that' the certiorari was granted upon legal and adequate grounds. The case of Napier vs. Person, 7 Yer. R., 300, though not the same, is similar to the present case.
Let the judgment be affirmed.