.Snap *v.* Thomas.

E. S. SNAPP *v.* T. P. THOMAS.

1. CERTIORARI. *Good ground for same.* It is a good ground for a *certiorari* in lieu of an appeal from a justice's judgment that the plaintiff, a resident of the county while the defendant was the resident of another county, entrusted the written contract upon which the suit was brought to an agent to be sued upon in the county of the defendant's residence, anticipating no defense, the defendant having paid half the debt, and that the agent, upon an adverse judgment by the justice, was unable to procure security for the appeal prayed within the two days allowed by law, and plaintiff did not hear of the judgment until it was too late to furnish the security.

2. EVIDENCE. *Written instrument.* *To be denied under oath.* *When.* Upon the trial of a suit commenced before a justice by warrant in debt by writing obligatory, a written contract signed by the defendant by which, after reciting that he has this day bought two sets of marble tombstones (describing them and the inscriptions to be put thereon), to be shipped to him as soon thereafter as the work can be done, he agrees to pay thirty dollars on delivery, is a written instrument constituting the foundation of an action under the Code, sec. 3777, and conclusive evidence of the promise against the defendant, unless the execution thereof is denied under oath.

FROM SEVIER.

Appeal in error from the Circuit Court of Sevier county.   J. G. ROSE, J.

G. W. PICKLE and JEROME TEMPLETON for Snapp.

——— ——— for Thomas.

COOPER, J., delivered the opinion of the court.

Action commenced before a justice on a written contract.   The justice gave judgment for the defend-

ant Snapp. Thomas took the case to the circuit court by *certiorari* and *supersedeas*, and there, by leave of the court, amended his petition. The judge overruled a motion to dismiss the petition, and upon trying the case without a jury gave judgment for Thomas, the plaintiff below, for whose use the suit was brought. Snapp appealed in error.

No point is made on the permission of the circuit judge to the plaintiff below to amend his petition for the writs of *certiorari* and *supersedeas*, a power conceded to the sound discretion of the court. *Steel* v. *West*, 7 Hum., 110. The petition was filed within time for the first term of the circuit court after the rendition of the justice's judgment, and was amended at that term. It is argued that the motion to dismiss the petition, based upon the alleged insufficiency of the reason given for not appealing, should have been sustained. The petition states that the petitioner is a citizen of Knox county, and made a written contract with defendant, signed by defendant, for the delivery of two sets of tombstones at a given price, which were delivered according to contract. The defendant, who lived in Sevier county, had paid half the price agreed on. Petitioner directed suit to be brought without anticipating any defense, and petitioner's agent was unable to procure security within time to perfect the appeal, and petitioner did not hear of the judgment until it was too late for him to procure the security. These facts, the petition showing a meritorious cause of action, are sufficient, the application having been promptly made to the first term. The

inability of the party himself to procure security for an appeal within the time allowed by law has been held sufficient, and, *a fortiori*, of the inability of an agent. *Hale* v. *Landrum*, 2 Hum., 32; *Day* v. *Johnson*, 4 Cold., 232; *McCormack* v. *Murfree*, 2 Sneed, 46.

The record does not show the ground upon which the circuit judge gave judgment for the plaintiff below. If it was upon the facts, there is sufficient evidence to sustain it. If, as stated by the appellant, the judge was of opinion that the written contract was conclusive, not being denied under oath, he was also correct. The action was on a " writing obligatory," in these words: " I have this day bought of Thomas, Brownlow & Griffith, two sets of marble gravestones (describing them), to be shipped to Sevierville about October, 1876, or as soon thereafter as the work can be completed, for which I hereby agree to pay the sum of $30 on delivery of the marble." By statute : " Every written contract, instrument or signature purporting to be executed by the party sought to be charged . . and constituting the foundation of the action, is conclusive evidence against such party, unless the execution thereof is denied under oath." Code, sec. 3777. The cause of action in this case is the breach by the defendant of his written contract to pay the price of the articles bought when delivered. The foundation of the action is the written contract executed by the defendant. The delivery of the marble constituted the consideration of the promise, while the promise was in the written instrument. The action is on the promise, and the writing is not the induce-

ment but the evidence necessary to make out the plaintiff's case. *Douglass* v. *Cross*, 6 Cold., 416; *Jones* v. *Walker*, 5 Yer., 428. The consideration of a policy of insurance may be the payment of premiums from year to year, the proof of which payments would be material to a recovery on the policy, and yet it would be scarcely contended that the policy was not the foundation of an action, based on a breach of the contract, to recover the amount of insurance in the contingency insured against.

Affirm the judgment.