STATE *ex rel.* CUPP *v.* MAPLES.

(*Knoxville*, September Term, 1938.)

Opinion filed Dec. 17, 1938.

DRINNEN & DRINNEN, of Maryville, for plaintiff in error.

HOMER A. GODDARD, of Maryville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a judgment of the Criminal Court of Blount County dismissing a petition for *certiorari* filed in the Court by Ruth Cupp, August 10th, 1937, by which she sought to have reviewed a judgment of the County Court entered May 8th, 1937, more than three months before, dismissing a bastardy proceeding brought upon information by affidavit of Ruth Cupp before a Magistrate, charging that Maples was the father of a child that had been born to her out of wedlock. It is shown that a warrant was issued upon the affidavit made by Ruth Cupp and Maples was bound over to the County Court; that when the matter came on to be heard in the County Court Maples filed his affidavit denying the truth of the charge, and affirming that justice requires that an issue be made to try the truth of the charge. The County Judge then called upon the State for some evidence, in view of the state of the pleadings, but the State declined to introduce any testimony, taking the position that the affidavit of the woman was itself evidence and that this evidence was not rebutted by the affidavit of the defendant. The County Judge thought otherwise and so adjudged, dismissing the prosecution. The petition further sets up that thereupon, and within the time provided by law, an appeal was taken, but that by inadvertence this appeal was taken to the Circuit Court. This Court having held that the statute authorizing an appeal from the County Court in these cases provided for an

appeal to the Criminal Court and not the Circuit Court, upon motion the Circuit Judge dismissed the appeal for want of jurisdiction in that Court, leaving the case in the County Court. Some time later, and some three months after the time had expired for an appeal, Ruth Cupp filed her petition for *certiorari* in the Criminal Court.

In this Court it is insisted that the petition for *certiorari* should have been sustained, but for Maples it is insisted, in support of the action of the trial Judge, that, in the first place, the petition does not show legal excuse for failure to appeal, and second, that on the face of the petition it is without merit, the action of the County Judge being correct.

■■ We are not of opinion that an inadvertent appeal to the wrong court is such an inevitable accident, or blameless misfortune of the petitioner, as justifies the use of *certiorari* as a substitute for an appeal. It had long been well settled that the appeal in these cases must be to the Criminal and not the Circuit Court, in any County where there is a Criminal Court. *Crawford* v. *State*, 66 Tenn. (7 Baxt.), 41; *State ex rel.* v. *Leonard*, 70 Tenn. (2 Lea), 16. All that the petition contains purporting to explain or excuse the failure to appeal is the following brief statement:

"The case was appealed within the time allowed by law, but the appeal was inadvertently made to the Circuit Court of Blount County, and was not the fault of your petitioner."

This is an insufficient showing under the rule. Inadvertence has never been recognized as a legal excuse for failure to appeal. And it will be observed that, while the conclusion is stated that "it was not the fault of your petitioner," no showing is made of the facts and circum-

stances, of whose inadvertence was responsible. Reference to our cases is hardly necessary to show that a petition for *certiorari* in lieu of appeal must contain a much fuller and more satisfactory explanation than we have here. The accepted grounds of excuse and a full citation of our cases will be found in Michie's Digest, Volume 4, page 54.

In the comparatively recent case of *Ammons* v. *Coker*, 124 Tenn., 676, 139 S. W., 732, it is said [page 682]: "It is well settled by numerous decisions in this State that when the writ of *certiorari* is sought to be used as a substitute for an appeal, the party applying must show in his petition some good and sufficient reason for not taking an appeal, and when such good and sufficient reason is not shown, it is proper to dismiss the writ. Caruthers' History of a Lawsuit (Martin's Ed.), section 375; *Hardin* v. *Williams*, 52 Tenn. (5 Heisk.), 385; *McCormack* v. *Murfree*, 34 Tenn. (2 Sneed), 46; *Hale* v. *Landrum*, 21 Tenn. (2 Humph.), 32; *Copeland* v. *Cox*, 52 Tenn. (5 Heisk.), 171; *McMurry* v. *Milan*, 32 Tenn. (2 Swan), 176 and numerous other cases."

This was a case of a mistake of law as to procedure, as is said of the case at bar. Mrs. Coker filed her petition to bring up her case for review from a Magistrate's court within the two days allowed by law for an appeal. This Court held that her mistake in thus proceeding within the two days did not save to her the right to *certiorari*. The principle applied is applicable here.

In *Copeland* v. *Cox*, 52 Tenn. (5 Heisk.), 171, it is said that unless the petitioner shows that "he has been deprived of his right of appeal by inevitable accident, by the wrongful act of the justice or adverse party, or by his blameless misfortune, no matter how meritorious his defence may be, he must be repelled from Court." And,

further, "It is the duty of every defendant when a suit is instituted against him to make his defence thereto before the magistrate, and if dissatisfied with the judgment, to take an appeal," etc.

In the early case of *McMurry* v. *Milan, supra,* CARUTHERS, J., after emphasizing that the petition showed strong merits, thus re-states the governing rules, according to previous decisions (32 Tenn. 178):

"The remedy by *certiorari* cannot be resorted to as a substitute for the appeal, except a case is made out in the petition that will show the appeal was defeated.

"1. By the oppressive or erroneous act of the court or justice.

"2. By the wilful or negligent act of the clerk.

"3. By the contrivance or procurement of the adverse party.

"4. By inevitable accident.

"5. By the blameless misfortune of the petitioner."

Certainly, the showing made in the petition before us fails to bring the case within these rules. On the contrary, the allegation of inadvertence is affirmatively bad. The definition (Webster) of "inadvertently" is carelessly, thoughtlessly, inattentively, negligently,—the antithesis of the requisite showing.

Finding that the judgment of the trial Court must be sustained on this ground, it becomes unnecessary to consider whether or not the petition showed merits. Affirmed.