FRANK USELTON v. W. P. PRICE and JOHN L.
WARE, d/b/a Price-Ware Motor Sales.
—292 S. W. (2d) 788.

Middle Section. February 24, 1956.

Petition for Certiorari denied by Supreme Court July 20, 1956.

T. Arthur Jenkins, Manchester, for plaintiff.

C. G. Milligan, Fred M. Milligan, Chattanooga, for defendants.

SHRIVER, J. The parties will be referred to as plaintiff and defendants as they appeared in the Court below.

I

The questions raised by the two assignments of error in this case are, (1) whether or not the trial judge committed error in granting a fiat for the issuance of certiorari and supersedeas to a Justice of the Peace and (2) in overruling the plaintiff's motion to quash and dismiss the petition after the writs had been issued.

Plaintiff resides on U. S. Highway 41, about five or six miles northwest of Manchester in Coffee County, Tenn.

Defendants are automobile dealers residing in and doing business in Chattanooga, Hamilton County, Tenn. The suit resulted from a traffic accident in Coffee County and, pursuant to the provisions of Chapter 34, Acts of 1953, extending venue in tort actions, plaintiff filed suit before a Justice of the Peace in Coffee County and caused process be issued to the Sheriff of Hamilton County where it was served on the defendants.

The case was tried before R. M. Shelton, a Justice of the Peace for Coffee County, on Friday, October 30, 1953, when a judgment was rendered in favor of plaintiff for $592.60 and costs.

Upon rendition of the judgment, the defendants prayed an appeal to the Circuit Court, but, being strangers in Coffee County, they were not able to procure proper security to make an acceptable appeal bond in that county. However, counsel for defendants procured blanks for the execution of bond, and on the following day a proper bond was executed and certified to by the

Clerk of the Circuit Court of Hamilton County as being good.

This bond was attached to a letter properly addressed to the Magistrate at Manchester, Tenn., and was deposited in the United States mail on Saturday, October 31, 1953, or the day following the date of judgment.

Judgment having been rendered on Friday October 30, defendants had through Monday, November 2, in which to appeal but the appeal bond was not received by the Magistrate until November 4, 1953.

Defendants were not aware of the delay in delivery of the bond, nor were they apprised of the fact that the bond had arrived after the time for appeal had elapsed, until an execution was presented them by an officer in Hamilton County on or about December 2, 1953.

A petition for certiorari and supersedeas was promptly drafted and presented to the Honorable Robert S. Brady, Judge of the Seventh Judicial Circuit, who signed the fiat granting the writs according to the prayer of the petition.

Shortly after the writs were issued plaintiff filed a motion to quash and dismiss the petition on several grounds that go mainly to the question of whether or not the defendants showed a sufficient reason for their failure to appeal, so as to be entitled to the issuance and maintenance of said writs.

After argument of counsel, the Circuit Judge took the motion under advisement and on July 30, 1954, entered an order overruling said motion.

To this action the plaintiff excepted and prayed an appeal which was denied at the time. The cause then

came on to be heard at the April term 1955 on the plaintiff's renewed motion to quash and dismiss the petition, whereupon, the Court overruled said motion and put the case to trial on its merits before a jury.

At the conclusion of plaintiff's proof the judge sustained a motion for a directed verdict in behalf of the defendant, to which action the plaintiff excepted. However, the assignments of error do not complain of the court's action in directing a verdict for the defendant, but only complain of the court's action in failing and refusing to grant plaintiff's motion to dismiss the petition for certiorari and supersedeas.

## II

### Assignments of Error

The plaintiff having prayed an appeal which was granted and duly perfected, assigns the following errors:

"1. The learned Circuit Court erred in overruling and disallowing appellant's motion to quash and dismiss appellees' petition for certiorari and supersedeas and the respective grounds thereof.

"2. The learned Circuit Court erred in allowing appellees to resort to the writ of certiorari and supersedeas as a substitute for appeal, without showing some valid reason therefor."

## III

Code Section 9019 Williams Ann. Code, provides that:

"Any person dissatisfied with the judgment of a justice of the peace, recorder or other officer of a municipality charged with the conduct of trials, in

a civil action, may, within two entire days thereafter, Sundays exclusive, appeal to the next term of circuit court.''

Section 9020 provides that before the appeal is granted, the person appealing shall give bond with good security, for the prosecution of the appeal, or take the oath for poor persons.

Section 8989 of Williams Ann. Code provides for writs of certiorari in the following language:

''The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.''

Section 8992 provides as follows:

''The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation; and the chancellors shall have concurrent jurisdiction with the judges of the circuit courts of this state in granting writs of certiorari and supersedeas removing causes from justices' courts to the circuit courts.''

## IV

Assignment No. 2, copied hereinabove, seems to challenge the sufficiency of the petition and complains that the Circuit Court erred in allowing defendants to resort to the writs of certiorari and supersedeas as a substitute for appeal without showing some valid reason therefor.

The petition filed by defendants seeking a fiat of the judge ordering the writs of certiorari and supersedeas to be issued, set out the facts with respect to the parties and the suit before the Justice of the Peace, alleging that the judgment was rendered by said Justice of the Peace in an action for damages resulting from an accident which occurred in Coffee County, on about October 3, 1953, when the truck of the plaintiff collided with an automobile driven and operated by one Hobert Langston of Hamilton County, Tenn.

The petition averred that the automobile driven by the said Langston was not the property of petitioners, but was the property of said Langston; that said Langston was not the agent or servant of petitioners; that petitioners had no control nor right to control the actions of the said Langston, and that said Langston was driving his own automobile on a personal mission at the time the accident occurred.

The petition then asserts, ''The petitioners further show that the judgment rendered against them is wholly unjust and without merit, and that upon the trial before the Justice of the Peace there was no proof whatever to connect the petitioners in any way with said accident. The day of the week when said judgment was rendered was Friday. On the next day, Saturday, October 31, 1953, petitioners executed a good and sufficient appeal bond in the amount of Twelve Hundred ($1,200.00) Dollars with C. G. Milligan as surety, which bond carried a certificate of Zelma F. Sherrill, Circuit Court of Hamilton County, that same was a good and solvent bond and would be acceptable if presented to that Court. Said bond was mailed and was attached to a letter bearing the same date, addressed to R. M. Shelton, Justice of the

Peace, Route No. 4, Manchester, Tennessee, requesting that the bond be marked filed and that the papers in the case be delivered to the Clerk of the Circuit Court of said county. Your petitioners show that said Justice of the Peace did not honor the appeal prayed by petitioners and did not deliver the papers to the Circuit Court Clerk and that, thereafter, on November 21, a writ of execution was issued by said Justice of the Peace and sent to Hamilton County for levy. Petitioners show that they are aggrieved by the judgment of said Justice of the Peace and his refusal to honor petitioners' appeal, and your petitioners pray for a writ of certiorari to bring this case into the Circuit Court of Coffee County to be tried. Petitioners also pray for a supersedeas to stay all further proceedings on said judgment.

"This is the first application which your petitioners have made in this case for writs of certiorari and supersedeas."

The foregoing petition was sworn to and, on presentation of same to Circuit Judge Robert S. Brady, he signed a fiat ordering the writ to issue.

## V

It is argued by the plaintiff that the petition for certiorari and supersedeas addressed to the Circuit Court of Coffee County failed to meet any of the essential requirements of the laws of this state.

■ As was said in the early case Mayor, etc., of City of Nashville v. Pearl, 30 Tenn. 249,

"The certiorari has a much more extended application in this state than in England. It has been adopted, with us, as the almost universal method by which

the circuit courts, as courts of general jurisdiction, exercise control over inferior jurisdictions, however constituted, and whatever may be their course of proceeding.''

■ In State ex rel. Karr v. Taxing District of Shelby County, 84 Tenn. 240, it was said:

''Certiorari to review the proceedings of inferior tribunals is not a writ of right, but is issued in the sound discretion of the court.''

And again in Gaylor v. Miller, 166 Tenn. 45, 59 S. W. (2d) 502, it was said that the issuance of a writ of certiorari is in the judicial discretion of the court to be granted only to prevent substantial wrong.

■ We are of opinion that the circuit judge did not abuse his discretion in issuing a fiat directing the clerk of the court to issue writs of certiorari and supersedeas as prayed, on the petitioner giving security, and thus removing said cause to the circuit court for review.

## VI

But the plaintiff complains in assignment No. 1 that the circuit court erred in overruling and disallowing appellant's motion to quash and dismiss the petition for certiorari and supersedeas.

In the brief and argument filed on behalf of plaintiff it is stated that when the cause was heard at the April term of the Circuit Court and a motion to quash and dismiss the petition was renewed, ''Counsel for the appellant did not question the statements of the honorable counsel for appellees, that on Saturday, October 31, 1953, or the day following the judgment rendered in this case

by R. M. Shelton, Justice of the Peace, in favor of appellant, *did in fact* place in the U. S. Mails a good and sufficient appeal bond, properly executed attached to a letter of the same date, addressed to R. M. Shelton, Justice of the Peace, Route No. 4, Manchester, Tennessee.''

It is further stated that the bond was actually received by the Justice of the Peace at 11:30 A. M. November 4, 1953, when he properly marked it filed, indicating the time and date received.

It is said that, while counsel for appellees did not question the time of delivery of the bond, they did state to the Court that in the ordinary course of business of the U. S. Mails, a letter mailed in Chattanooga, Tennessee, on Saturday, October 31, 1953, as this letter in question was, should have been received in Manchester, Tennessee, by Monday, November 2, 1953, or within time to comply with the law, so as to perfect an appeal in the case, and it was urged by counsel for defendant that their action in the cause showed due diligence on their part.

As was indicated hereinabove, the legislature, by Chapter 34, Acts of 1953, extended venue in tort actions so as to permit a person to sue in his own county and have summons issued to another county to bring the defendant to trial in the county where the accident occurred.

In the instant case the defendants lived in Chattanooga, and were sued in Coffee County where the accident occurred. Being unable to give bond when judgment was rendered against them, they were forced to procure a bond in Hamilton County, and return same to the Justice of the Peace.

The question here is, whether or not the action of the defendants in procuring a bond in Hamilton County on Saturday October 31, 1953, the day after judgment, and mailing same that day to the Justice of the Peace in Manchester, was a sufficient showing of diligence on their part to justify the issuance of the certiorari, when the bond and the leter to which it was attached, were not delivered until after the time for appeal had expired.

The Circuit Judge was of opinion that it presented a proper case for maintaining the certiorari and supersedeas and for a review of the case on its merits.

In the very early case of Belcher v. Belcher, 18 Tenn. 121, in an opinion delivered by Mr. Justice Nathan Green, it was said:

"A certiorari in lieu of an appeal lies where the appeal was defeated by accident, as where a letter promptly written fails to reach the appellant's hands in time."

In McMurry v. Milan, 32 Tenn. 176, in an opinion by Mr. Justice Caruthers, the well known rule was laid down that, the remedy by certiorari cannot be resorted to as a substitute for appeal, except when a case is made out in the petition showing that the appeal was defeated—

1. By the oppressive or erroneous act of the court or justice.

2. By the wilful or negligent act of the clerk.

3. By the contrivance or procurement of the adverse party.

4. By inevitable accident.

5. By the blameless misfortune of the petitioner.

This statement of the court was followed by the assertion that the excuse for failing to appeal is well sustained by certain reported cases decided by the Supreme Court of this State. Included among the cases cited is the case of Belcher v. Belcher, supra. Thus it would seem that the court in McMurry v. Milan recognized that the grounds set forth in Belcher v. Belcher, to wit, where a letter promptly written, failed to reach the appellant's hands in time, was sufficient to justify certiorari, and came within one of the five situations above enumerated. Doubtless it must be considered as coming within rule No. 5 hereinabove, that is, by the blameless misfortune of the petitioner.

In the case of Hale v. Landrum, 21 Tenn. 32, 33, it was said:

"It is a sufficient ground to sustain a petition for a certiorari to bring up a justice's judgment that the petitioner did not appeal because he was unable to give the security required by law for the appeal."

Again in McCormack and Miller v. Murfree, 34 Tenn. 46, 47, it was said:

"In view of the extension of the jurisdiction of justices of the peace, by which a new trial by jury has become a matter of greater importance to the rights and interests of parties than heretofore, the courts will rather relax than render more stringent the practice regulating the remedy by certiorari where merit exists, and no real fault or negligence can be imputed to the party."

In Hardin v. Williams, 52 Tenn. 385, at pages 392-393, the court speaking through Mr. Justice Sneed stated:

"The general principle applicable alike to all cases, is, that when the party is deprived of his appeal by any cause whatever, other than by his own fault or negligence, that of itself is sufficient cause within the sense of the constitution, provided he has shown also in his petition a meritorious case."

Also see Snapp v. Thomas, 73 Tenn. 503, where plaintiff and defendant resided in separate counties and plaintiff relied on an agent who failed to perfect an appeal in time and certiorari was sustained.

In Hoback Motor Co. v. Kyle, 10 Tenn. App. 306, at page 310, the court stated that the remedy of certiorari would have been a proper one in the case under discussion provided the defendant showed due diligence in an attempt to have his appeal perfected.

In Watson v. Wells, 20 Tenn. App. 611, 103 S. W. (2d) 30, in an opinion by Judge Crownover in 1936, which is one of the few late reported cases in this State dealing with the question here involved, there is a quotation from McCormack and Miller v. Murfree, as hereinabove set forth, to the effect that a new trial by jury has become a matter of greater importance to the rights and interests of the parties than heretofore by reason of the extension of J. P. jurisdiction.

We are of opinion that this statement is applicable in the case at bar because of the extension of the rule with respect to venue in tort cases. It is readily seen that cases of real hardship may arise if the courts deny the right to certiorari in circumstances like those under consideration here.

While the distance from Chattanooga to Manchester is such that it might not have been too much of a hardship for the defendant to have delivered the bond personally to the Justice of the Peace, nevertheless, it seems that defense counsel was justified in assuming that the mail, in the ordinary course of things, would arrive in Manchester from Chattanooga not later than Monday, November 2, before the time for appeal expired.

If we suppose a case in which the defendant lives in Memphis and the accident occurs in one of the East Tennessee counties, and suit is brought in circumstances similar to those involved here, and defendant is unable to give bond, his right to a review by the Circuit Court from a judgment of a Magistrate might be seriously impaired unless he is entitled to a writ of certiorari on a showing that he is unable to get his bond delivered to the Magistrate in the two days allowed by law.

## VII

On the whole, we are satisfied that the weight of opinion in this state supports the proposition, (1) that the circuit judge had the discretion to grant a fiat for certiorari and supersedeas on the showing made by the petition herein, and that he did not abuse his discretion in this regard and (2) that, under the facts shown by the record, he was justified in granting a trial on the merits.

It results that the assignments of error are overruled and the judgment of the trial court is affirmed with costs.

Affirmed.

Felts and Hickerson, JJ., concur.