# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

_____

**ALONZO BONNER,**

Plaintiff-Appellant,

Vs.

**TRANSCON TRUCKLINE CORP., ET AL,**

Defendants-Appellees.

**FILED**

**January 11, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

FROM THE SHELBY COUNTY CIRCUIT COURT; No. 120511-6
THE HONORABLE GEORGE BROWN, JUDGE

C.A. No. W1999-02205-COA-R3-CV
***AFFIRMED***
Kim G. Sims of Memphis, For Appellant
G. Ray Bratton and Gary R. Wilkinson of Farris, Hancock, Gilman, Branan & Hellen of Memphis; For Appellees

_____

### *MEMORANDUM OPINION*[1]
_____

*CRAWFORD, J.*

This is an appeal from an order of the circuit court of Shelby county granting the defendant-appellee's motion to quash a petition for writ of certiorari filed by plainitff-appellant.

Alonzo Bonner petitioned the circuit court for the writ, alleging that he had failed to file a timely appeal from general sessions court, because he was mentally unstable and did not understand the proper procedure in filing an appeal.

Bonner had filed a number of cases in general sessions court, which were consolidated and tried without an attorney representing him. There had been one continuance due to Bonner's not having retained counsel. At the time the instant case was tried in general sessions court, Bonner stated that he wished to proceed without the assistance of counsel. After trial, a judgment was entered for the defendants, Transcon Trucklines, Corp., and Johnny Curbow on August 3, 1988.[2] The petition for certiorari

_____

[1] Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. – (b) the Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] After the August 3, 1988 judgment, another general sessions suit was dismissed on the basis of *res judicata*. This case is not a part of this appeal.

was filed on September 30, 1988, and the appellee responded by filing a motion to quash, which was granted by the trial court. The only issue for review on appeal is whether the trial court erred in granting the motion to quash the writ of certiorari.

The appeal comes before this Court at this time because the Court stayed further proceedings by order entered June 19, 1990, due to Transcon's bankruptcy proceeding and the automatic stay protection. Upon its own investigation, this Court learned that on May 13, 1999 Transcon's bankruptcy case was ordered closed by the United States Bankruptcy Court for the Central District of California, Riverside Division. On June 30, 1999 this Court entered an order lifting the automatic stay and permitted the appeal to proceed.

In *Uselton v.Price,* 292 S.W.2d 788 (Tenn. Ct. App. 1956), the Court said:

> The certiorari has a much more extended application in this state than in England. It has been adopted, with us, as the almost universal method by which the circuit courts, as courts of general jurisdiction, exercise control over inferior jurisdictions, however constituted, and whatever may be their course of proceeding.

*Id.* at 791. (Quoting *Mayor, etc., of City of Nashville v. Pearl*, 30 Tenn. (11 Humph.) 249 (1850). Granting certiorari to review the proceedings of a lower court is a matter of discretion for the court and is not a matter of right. *Id. See also State ex rel. Karr v. Taxing District of Shelby County,* 84 Tenn. 240.

A writ of certiorari is authorized as a substitute for appeal pursuant to T.C.A. 27-8-102, but is not a matter of right. A writ of certiorari shall be granted only to prevent substantial wrong. *Uselton* 292 S.W.2d at 792. Certiorari, as a substitute for an appeal, is available only when "the appeal was defeated:"

1. By the oppressive or erroneous act of the court or justice.
2. By the wilful or negligent act of the clerk.
3. By the contrivance or procurement of the adverse party.
4. By inevitable accident .
5. By the blameless misfortune of the petitioner.

*Uselton* at 793.

In *General Motors Acceptance Corp. v. Dennis*, 675 S.W. 2d 489 (Tenn. Ct.

2

App. 1984), this Court affirmed the circuit court's denial of a petition for a writ of certiorari and held that a misunderstanding between the defendant and his attorney about who would appear and seek a continuance was not "inevitable accident" or "blameless misfortune of the petitioner" that would allow the remedy of certiorari after the time for an appeal by right had expired. The *Dennis* Court, in holding that the trial court did not abuse its discretion in denying the writ, said: "[u]ndoubtedly, the trial court did not feel the conduct of appellants was blameless and we do not find anything in the record to cause us to disagree with the trial court." *Id.* at 491.

In *Rutherford v. Rogoish*, 1990 WL 38558 (Tenn. Ct. App.), the eastern section of the Tennessee Court of Appeals held that where the trial court found that the appellant failed to show any reasonable grounds for her failure to file a timely appeal, the denial of a writ of certiorari was proper. The *Rutherford* Court followed the reasoning of the *Dennis* Court, holding that the record did not reveal that the appellant's right to appeal had been "thwarted to the extent a resort to certiorari was justified" and found no reason, other than the appellant's negligence, for her failure to appeal. *Rutherford* at *1.

In the instant case, we find nothing in the record to cause us to disagree with the court below. The record does not substantiate the appellant's claim that a mental disability caused his failure to file a timely appeal. Accordingly, we hold that the trial court did not abuse its discretion in quashing the writ of certiorari.

The order of the trial court is affirmed, and costs of appeal are asesssed to appellant, Alonzo Bonner.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE,W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HOLLY KIRBY LILLARD**

3