IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief August 24, 2001


## EMMETT K. DUNLAP v. NANCY DAVIS, ET AL.


**A Direct Appeal from the Circuit Court for Hardeman County**
**No. 9370     The Honorable Jon Kerry Blackwood, Judge**

———————————————

**No. W2001-00894-COA-R3-CV - Filed October 18, 2001**

———————————————

Plaintiff-inmate, acting pro se, filed a petition for writ of certiorari to review a judgment of the general sessions court dismissing his case. The trial court denied plaintiff's petition and he appeals. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. Frank Crawford, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Emmett K. Dunlap, Pro Se

Tom Anderson, Jackson, For Appellees, Nancy Davis, et al

## OPINION

Plaintiff, Emmett K. Dunlap, appeals the trial court's order denying his petition for writ of certiorari. The only issue for review is whether the trial court erred in denying the petition.

On March 13, 2001, plaintiff filed his petition for writ of certiorari in the Circuit Court of Hardeman County naming as defendants Nancy Davis, et al[1] and General Sessions Court for Hardeman County, Tennessee. Although the petition is somewhat incoherent and disjointed, we perceive that it alleges that plaintiff previously filed a suit in general sessions court against defendant Davis concerning a dispute involving his inmate account statement. It appears that the general sessions suit was dismissed, and, according to plaintiff's brief, it appears that the dismissal occurred on March 12, 2000.

The record reflects that no appearance was made by the defendants in the case at bar, and the trial court entered an order dismissing the petition on March 22, 2001. Although plaintiff sets out

———————————————

[1] The petition does not describe the status of this defendant, but the address given for the defendant indicates that she is in someway connected with Whiteville Correctional Facility at Whiteville, Tennessee.

two issues for review in his brief, we perceive the issue to be as stated: "Whether the trial court erred in dismissing the petition for writ of certiorari."

We should first comment on plaintiff's pleadings and the brief filed in this court. As we have previously noted the pleadings are very difficult to understand and the same holds true for plaintiff's brief. While parties who represent themselves are entitled to fair and equal treatment, they are not excused from complying with applicable substantive and procedural law. *See Irvin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. Ct. App. 1988). *Pro se* litigants are entitled to the same liberality of construction with regard to their pleading that any litigant is afforded, pursuant to Tennessee Rules of Civil Procedure. In our review of the trial court's proceeding, we have attempted to give great liberality to plaintiff's pleadings.

The writ of certiorari is an extraordinary remedy whose issuance is within the discretion of the trial court, and it is not available as a matter of right. *Robinson v. Traughber*, 13 S.W.3d 361 (Tenn. Ct. App. 1999).

Unless we find an abuse of discretion by the trial court, we must affirm. The abuse of discretion "standard requires us to consider (1) whether the decision has a sufficient evidentiary foundation, (2) whether the trial court correctly identified and properly applied the appropriate legal principles, and (3) whether the decision is within the range of acceptable alternatives." *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000).

In plaintiff's general sessions suit, he was afforded the absolute the right to appeal the general sessions judgment within ten (10) days of the rendition thereof for a trial *de novo* in the circuit court. T.C.A. § 27-5-108 (a)(c) (2000). Therefore, he resorts to a petition for writ of certiorari to as a substitute for appeal. Certiorari cannot be resorted to as a substitute for appeal except when a case is made in the petition that the appeal was defeated by either (1) by the oppressive or erroneous act of the court, (2) by the willful or negligent act of the clerk, (3) by the contrivance or procurement of the adverse party; (4) by inevitable accident, or (5) by the blameless misfortune of the petitioner. *McMurry v. Milan*, 32 Tenn. 176 (1852); *Uselton v. Price*, 41 Tenn. App. 134, 292 S.W.2d 788 (1956); *General Motors Acceptance Corp. v. Dennis*, 675 S.W.2d 489 (Tenn. Ct. App. 1984).

In the instant case, plaintiff has made no allegation as to why his right of appeal for a trial *de novo* was defeated. Considering the length of time between the dismissal of his general sessions case and filing a petition for writ of certiorari, plaintiff's lack of diligence might be involved. If so, then neglect on the part of petitioner is not a ground to grant the writ of certiorari. *See General Motors Acceptance Corp. v. Dennis, supra* at 491.

Accordingly, the trial court's order denying plaintiff's petition for writ of certiorari is affirmed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against the petitioner/appellant, Emmett K. Dunlap, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.