IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 17, 2015 Session

## BROOKSIDE HOMEOWNERS ASSOCIATION v. STAN VAUGHT

**Appeal from the Circuit Court for Rutherford County**
**No. 68909     Mitchell Keith Siskin, Judge**

_____

**No. M2015-00432-COA-R3-CV- Filed November 13, 2015**
_____

A party who failed to file a de novo appeal of a general sessions judgment filed the instant petition for writ of certiorari. The trial court dismissed the writ on the grounds that the petitioner had a "plain, speedy and adequate remedy" provided by Tenn. Code Ann. § 16-15-727(b), a de novo appeal. We agree and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

M. Ben Moore, II and Clifton B. Sobel, Jr., Nashville, Tennessee, for the appellant, Brookside Homeowners Association.

Mark A. Polk, Murfreesboro, Tennessee, for the appellee, Stan Vaught.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Stan Vaught owned property located in a subdivision controlled by Brookside Homeowners Association ("Brookside"). On May 12, 2014, Brookside filed a civil summons in general sessions court against Mr. Vaught seeking damages in the amount of $25,000.00 for past due home owners association fees, court courts, interest, late fees, attorney fees, and other relief. Mr. Vaught was served with the summons. The trial date was continued twice, once at the request of the plaintiff and once at the request of the defendant.

On July 23, 2014, Brookside appeared in court for the hearing; Mr. Vaught did not appear.[1] The court granted a default judgment against Mr. Vaught in the amount of $25,000.00. On August 5, 2014, Brookside filed a garnishment with Mr. Vaught's employer, and the garnishment was served on Mr. Vaught's employer on August 11, 2014. On August 15, 2014, Mr. Vaught filed a motion to set aside the default judgment in the general sessions court. The motion was heard on September 24, 2014, and the court granted Mr. Vaught's motion to set aside the default judgment based upon Mr. Vaught's lack of notice regarding the hearing.

Brookside filed a petition for writ of certiorari in the circuit court on November 19, 2014 with the sole issue being whether the general sessions court erred in granting Mr. Vaught's motion to set aside the default judgment. Mr. Vaught filed a motion to dismiss the writ on December 31, 2014 arguing, in part, that Brookside was only seeking to remedy its failure to appeal within ten days of the general sessions court's decision to set aside the default judgment. Mr. Vaught further contended that the default judgment was not a final appealable order because it did not dispose of all claims in light of the fact that there remained outstanding claims against John Phillips, a co-defendant.

On February 12, 2015, the trial court entered an order dismissing the writ of certiorari and remanding the case to general sessions court. The court found as follows:

1.  That the General Sessions Court set aside the July 23, 2014, default judgment against Defendant Stan Vaught on September 26, 2014.
2.  That pursuant to Tenn. Code Ann. § 16-15-727(b), Plaintiff had ten (10) days to file a de novo appeal to the Circuit Court of the General Sessions Court's Order setting aside the default judgment.
3.  That Plaintiff failed to file an appeal within the ten (10) days as outlined by Tenn. Code Ann. § 16-15-727(b).
4.  That based on Tenn. Code Ann. § 16-15-727(b), Plaintiff had a *plain, speedy and adequate remedy* to Tenn. Code Ann. § 16-15-727(b), and as such the Writ of Certiorari was not proper.

(Emphasis added).

---

[1] Brookside's counsel sent a letter to Mr. Vaught's counsel on July 10, 2014 advising him of the new hearing date of July 23, 2014. Mr. Vaught denies receiving this letter. The letter was also filed with the court clerk. According to Mr. Vaught's affidavit, he made repeated phone calls to Brookside's counsel inquiring about the rescheduled court date; Brookside's counsel admitted that he intentionally did not return Mr. Vaught's phone calls. Mr. Vaught reports that he was out of the country at the time of the July 23, 2014 hearing.

On appeal, Brookside argues that: (1) the general sessions court lacked the authority to set aside its own judgment after the statutory ten-day period for filing a motion for relief had run; and (2) the circuit court erred in dismissing Brookside's writ of certiorari.

STANDARD OF REVIEW

We review the trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. TENN. R. APP. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

A court's decision to issue or dismiss a writ of certiorari is a discretionary one. *Heyne v. Metro. Nashville Bd. of Educ.*, 380 S.W.3d 715, 730 (Tenn. 2012); *Boyce v. Williams*, 389 S.W.2d 272, 277 (Tenn. 1965). Thus, our review of this issue is limited to a determination of whether the trial court abused its discretion in dismissing the petition. *See Ancro Fin. Co. v. Johnson*, No. W2000-02709-COA-R3-CV, 2001 WL 1298913, at *2 (Tenn. Ct. App. Oct. 23, 2001).

A motion to dismiss for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6) challenges the legal sufficiency of the complaint rather than the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Id.* In considering a motion to dismiss, a court must liberally construe the complaint, "'presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). The scope of review following the grant or denial of a motion to dismiss involves a question of law, which we review de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894-95 (Tenn. 2011).

ANALYSIS

The writ of certiorari is not available as a matter of right, but it is to be granted only in "unusual or extraordinary circumstances." *Clark v. Metro. Gov't of Nashville & Davidson Cnty.*, 827 S.W.2d 312, 316-17 (Tenn. Ct. App. 1991). Brookside's verified petition for writ of certiorari relies upon Tenn. Code Ann. § 27-8-101 *et seq.*, a codification of the common law writ of certiorari. *See McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). Tennessee Code Annotated section 27-8-101 provides, in pertinent part:

The writ of certiorari may be granted whenever authorized by law, and also in

all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, *there is no other plain, speedy, or adequate remedy*.

(Emphasis added). The trial court made an express finding that Brookside had a "plain, speedy and adequate remedy" in this case—namely, a de novo appeal pursuant to Tenn. Code Ann. § 16-15-727(b) (quoted in full below).

The writ of certiorari is not to take the place of an appeal when there is an express provision for an appeal. *Tragle v. Burdette*, 438 S.W.2d 736, 737 (Tenn. 1969).[2] General sessions courts have only those powers conferred upon them by statute. *See Travelers Indem. Co. v. Callis*, 481 S.W.2d 384, 385 (Tenn. 1972). Prior to 2007, general sessions courts had no power to grant relief from their own judgments except in the case of clerical mistakes. *First Cmty. Fin. Servs. v. Simmons*, No. M2010-01597-COA-R3-CV, 2011 WL 2416680, at *2 (Tenn. Ct. App. June 10, 2011). In 2007, the legislature enacted Tenn. Code Ann. § 16-15-727(b), authorizing general sessions courts to rule on motions for relief from a judgment pursuant to Tenn. R. Civ. P. 60.02:

Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking *de novo* review in the circuit court until the determination of the motion is concluded.[3] *Thereafter, an appeal for de novo review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment*, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

---

[2] Tennessee Code Annotated section 27-8-102(3) lists one of the grounds for the writ of certiorari as "a substitute for appeal." Pursuant to caselaw, however, this ground is available only if the plaintiff establishes that the appeal was defeated "1) [b]y the oppressive or erroneous act of the court or justice[;] 2) [b]y the willful or negligent act of the clerk[;] 3) [b]y the contrivance or procurement of the adverse party[;] 4) [b]y inevitable accident[;] 5) [b]y the blameless misfortune of the petitioner." *Ancro*, 2001 WL 1298913, at *2 (quoting *Uselton v. Price*, 292 S.W.2d 788, 794 (Tenn. Ct. App. 1956)). Brookside does not allege any facts that would fit under any of these categories and does not make an argument under this provision.

[3] Pursuant to Tenn. Code Ann. § 27-5-108(a)(1), a party may appeal a general sessions judgment to the circuit court within ten days.

4

Tenn. Code Ann. § 16-15-727(b) (emphasis added). Under Tenn. Code Ann. § 16-15-727(b), however, an appeal to circuit court from a general sessions court's ruling on a motion for relief from a judgment must be filed within ten days of the ruling.[4]

In the present case, Brookside did not file a de novo appeal within ten days of the general sessions order setting aside the default judgment. That de novo appeal, however, was the "plain, speedy and adequate remedy" available to Brookside. We find no abuse of discretion in the trial court's decision to dismiss Brookside's petition for a writ of certiorari and remand the matter to the general sessions court for further proceedings.

The failure to perfect a proper appeal to circuit court precludes that court, or this Court, from examining the general sessions court proceedings.

CONCLUSION

We affirm the decision of the trial court in all respects. Costs of appeal are assessed against the appellant.

_____
ANDY D. BENNETT, JUDGE

---

[4] This court has previously stated that the ten-day deadline to appeal to circuit court is jurisdictional. *Cagle v. Cass*, No. W2001-00760-COA-R3-CV, 2001 WL 792644, at *3 (Tenn. Ct. App. July 6, 2001). Thus, if a party fails to file its appeal within ten days of the general sessions court judgment, the circuit court does not obtain jurisdiction over the appeal. *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *5 (Tenn. Ct. App. Jan. 29, 2008). Moreover, this court has dismissed untimely appeals from general sessions courts in cases in which the defendant was served with the summons but asserted a lack of notice of the case being set for trial or a lack of notice of the default judgment. *Hausler v. Discounts R Us, Inc.*, No. M2002-01465-COA-R3-CV, 2003 WL 1092771, at *2 (Tenn. Ct. App. Mar. 13, 2003); *Cagle*, 2001 WL 792644, at *1.