Sneed, J.,
delivered the opinion of the Court.
The Court is of opinion that there is error in the judgment of the Circuit Court dismissing the petition in this case for the writs of certiorari and supersedeas. The petitioner was the surety of one William R. Watkins upon a promissory note for $200, of date the 1st -January, 1861, due twelve months after that date, for the hire of a negro slave, and payable to Markham L. Williams, by whom it was assigned to the defendant in error on the — day of January, 1867. A judgment was rendered on this note on the 4th of April, 1868, against the petitioner and the other parties to the note by a Justice of the Peace of the county of Shelby, for $275.01 and costs. Upon this judgment -an execution was issued on the 13th of April, 1868, which was returned by the officer “for an alias,” on the 11th May, 1868; and on that day an alias -execution was issued, which was returned on the 22d • of May, 1868, “stayed by writs of certiorari and super- *387 sedeas from the Circuit Court of Shelby county.” The writs were granted by the Hon. James O. Pierce, Judge of the Law Court of the city of Memphis, on the 18th of May, 1868, returnable to the next term of the Circuit Court of Shelby county, “to be held at Memphis the 4th Monday in .September next” thereafter. The petitioner, after reciting the suretyship on the note and the date and the amount of the judgment, states that the petitioner would have appealed from said judgment, but for the fact that he had been informed by said Watkins, his principal, that said notes had been cancelled, and he had appointed an agent by regular power of attorney to take an appeal for him, in the event judgment should be rendered against him. That the Justice who tried the case, after promising to recognize said agent’s authority, refused to do so, and would not grant the appeal, although properly applied for; that the judgment is wholly unjust, and that petitioner is informed and believes that he can prove by the said Watkins that the note upon which suit was brought and judgment rendered has been in part if not wholly paid. At the September Term, 1868, of the Circuit Court of Shelby county, the term to which the writs were made returnable, the plaintiff moved to dismiss the petition on the ground that the causes stated therein were insufficient, and because the same was not brought up to the May Term of said Court, and the Court thereupon rendered judgment dismissing the petition and quashing the writs, upon the ground that the causes stated in the petition, were insufficient. The petitioner appealed in error.
*388 It seems to have been insisted in the Court below that the writs should have been returnable to the May Term of the Circuit Court, but the judgment of the Court was rendered alone upon the alleged insufficiency of the grounds stated in the petition. And it is said, on behalf of defendant in error here, that, the judgment having been. rendered on the 4th of April, 1868, it may be a question if the case was carried to the next term of the Circuit Court. It will be seen that the first execution was returned for an alias on the 11th of May, 1868, and that the second execution was returned stayed by the writs of certiorari and su-persedeas on the 22d of May, 1868, upon which day the writs were actually issued. The May Term of the Circuit Court of Shelby county was by the Code required to be held on the 3d Monday of that month: Vide Code, s. 116. But the time was changed, by the Act of 1867, c. 4, to the 4th Monday in May, which, in 1868, was the 25th of that month. Upon the question whether the defendant to a petition for the writ of certiorari could be heard upon a motion to dismiss at the second term after the filing of the petition, this Court has recently held that the defendant was entitled to notice of the filing and pendency of such petition, “ and as there is no positive statute fixing the time of the notice,” reasoning from the general rule for the service of process, we declare the .rule to be that the notice must be served at least five days before the term to which the petition is returnable. Unless the defendant had such notice he will not be in default for failing to make the motion at the first *389 term: Vide McDowell v. Kellar, 1 Heis. Rep., 452. In support of this view, the case of Ramsey v. Monroe, 3 Sneed, 329, is cited by oversight, for Nicks v. Johnson, 3 Sneed, 329. The writs in this case therefore having been issued within five days before the sitting of the Circuit Court of Shelby county, at its May Term, 1868, we hold that the Clerk properly made them returnable to the September Term thereafter.
It remains to be considered whether the petition shows merits upon its face, and whether the petitioner has shown good reasons for not appealing. For howsoever meritorious may be the causes of complainant against the judgment, if the party complaining has not shown good reasons for his failure to appeal, he is not entitled to the writ. And this is a matter addressed to the sound discretion of the Court, to be considered and adjudged in the light of surrounding circumstances as developed in the petition. In the statement of the facts upon which the petitioner relies, only reasonable certainty is required. A defence prima faeie good is all that is necessary: Dick & Co. v. Powell, 2 Swan, 632. In the case of McCormack v. Miller, this Court said, that “in view of the extension of the jurisdiction of Justices of the Peace, by which a new trial by jury has become a matter of greater importance to the rights and interests of parties than heretofore, the Courts will rather relax than render more stringent the practice regulating the remedy by certiorari, where merits exist, and no real fault or negligence can be imputed to the party:” 2 Sneed, 46. It is contended here, in support of the judgment of the Circuit Court *390 dismissing the petition, that the plaintiff in error should have been present in person before the Justice at the trial, and that the allegation that he sent an agent merely, does not show that degree of diligence and attention which the law demands of him in order to excuse him for not appealing. There can be no reason why an appeal may not be prayed and obtained, and an appeal bond executed, by an agent regularly authorized to do so, as for an agent to perform any other specific act by which his principal will be bound. It has been the constant practice to do so, and it has been sanctioned by this Court: Moss v. Collins, 3 Hum., 150. This being so, we hold that the presence of the agent of the plaintiff in error for the purpose of appealing, and specially sent and authorized to do so, was the presence in legal effect of the plaintiff in error himself. The plaintiff in error had the last hour of the two days allowed in which an appeal might be taken, and if he was deprived of it under the circumstances stated, no laches can be imputed to him. It was for a long time a matter of grave controversy, whether the law conferring jurisdiction upon the Justice to try and determine causes when the “ value in controversy ” shall exceed twenty dollars, was not a positive infringement of the seventh amendment to the Constitution of the United States, which in such cases guarantees the right of trial by jury in terms too plain and emphatic to be misunderstood. The Courts reluctlantly acquiesced in these laws, upon the ground alone that the right of appeal existed, and that through the instrumentality of the appeal and the *391 writ of certiorari, tbe right of trial by jury was still secured to the citizen. The first is the creature of mere legislation, while the latter is a writ of right secured by the Constitution, and can never be withheld when applied for upon sufficient cause, supported by oath' or affirmation. The motion to dismiss a petition for certiorari is not a proceeding to be favored by the Courts, because it does not affect the merits, and because it is the policy of the law to remove every possible embarrassment to the full and free enjoyment of the right of trial by jury: Vide Chappel v. Jones, 8 Hum., 109; Hale v. Landrum, 2 Hum., 33. We refer to the writ of certiorari when used as a substitute for the appeal, and to secure to the party the right of a jury trial upon the merits of his case. The ancient remedy by audita querela has for many purposes been merged in that by certiorari, and is generally used in our practice to quash or prevent an execution on account of some matter occurring after judgment amounting to a discharge, and which could not have been, and can not be otherwise taken advantage of: 12 Mass., 270. But the remedy by audita querela, here as elsewhere, in the form of a certiorari, is as often attained by mere motion as otherwise when the Court already had jurisdiction of the cause: 4 Johns, 191: 11 Serg. & B,., 274. We have held at the present term, in the case of Bowen and McNamee v. Bennet, that a mere motion, without more, to quash an execution issued from the Circuit Court in which the judgment was rendered, upon the ground of presumption of payment of the judgment *392 from lapse of time, was not an inappropriate remedy. But the remedy by certiorari, when used in the sense of the ancient audita querela, is a very different thing from that writ when used as a substitute for the appeal, and as a means of securing the right of trial by jury. It was in reference to this latter remedy particularly, that this Court said, in the case of McCormack v. Miller, that the Courts will rather relax than render more stringent the practice regulating the remedy by certiorari, Avhere merits exist, and no real fault or negligence can be imputed to the party: 2 Sneed, 46. It is a settled rule of law, however, in this State, that the party applying for the writ of certiorari, with a view to have a re-trial of his cause' upon the merits, must show some good and sufficient reason for not taking an appeal. These good and sufficient reasons have been in general terms stated in our judicial decisions, and classified so that almost every case may be governed by the principles of one or the other. The general principle, applicable alike to all cases, is, that when the party is deprived of his appeal by any cause whatever, other than by his own fault or negligence, that of itself is “sufficient cause” within the sense of the Constitution, provided he has shown also in his petition a meritorious case. And when a clear case of merit is shown, the rule which requires also a good reason for not appealing, will not be applied with so much rigor: 2 Sneed, 46; 2 Hum., 32; Car. Hist., L. S., s. 655. In the case of Garrett v. Perryman, it was held that the negligence of an attorney in taking and conducting an appeal was good ground for a *393 certiorari: 2 Tenn., 108. And in McCormack v. Murfree, it was held, that when the plaintiff was unable to attend the trial, and failed to send an agent because no defense was anticipated, he did not forfeit his right to the writ of certiorari: 2 Sneed, 48; et vid. Lee v. Hardway, 6 Yer., 502; Smith v. White, 5 Hum. 46; Angelby v. Donoho, 3 Hum., 145; Meigs’ Dig., 164; Hale v. Landrum, 2 Hum., 32. In most of the more modern cases upon this subject, there will be observed a growing jealousy in the Courts to guard the right of trial by jury, in view of the gradual and injudicious extension of the jurisdiction of Justices of the Peace, which, to say the least of it, is but an insidious attack upon that inviolable right.
In view of these principles as applied to the case in judgment, we hold that the reasons stated by the plaintiff in error for not appealing are sufficient, and that the statement in the petition, upon information and belief that upon another trial of the cause he can show that the note sued upon had been paid in whole or in part, is a statement of “good and sufficient cause,” which entitles him to the writ.
The plaintiff in error being a mere surety on the note, and in view of the long lapse of time from the execution of the note to the time of the institution of the action upon it, we would hold it to be a harsh rule that would demand of him a more specific statement as to the satisfaction of the nóte than he has furnished in the petition.
The judgment of the Circuit Court will be reversed and the cause will be remanded to the first *394 Circuit Court of Sbelby county, for a trial upon its merits.