J. W. RUTLEDGE, Plaintiff-Plaintiff-in-error, v. BYRON SWINDLE and TIM SEARCY, Defendants-Defendants-in-Error. —319 S. W. (2d) 488.

Middle Section. July 3, 1958.

Certiorari denied by Supreme Court December 12, 1958.

Allen R. Cornelius, Jr., Nashville, for plaintiff in error.

William S. Bruce, Jr., James C. Summers, Nashville, for defendant in error.

HICKERSON, J. J. W. Rutledge brought this suit against Byron Swindle and Tim Searcy to recover damages which he alleged he suffered involving the sale of a restaurant. An analysis of the pleadings is not necessary. The suit was begun in the General Sessions Court. Personal service of process was had upon defendants.

The warrant, or declaration, was issued May 20, 1957. Personal service of process was had on defendants on May 29, 1957. The case was set for hearing on June 6, 1957.

The warrant contained this entry: "Judgment for the ———— against the defendants by default for $700.00 and cost of suit for which execution may issue. This the day of June 10, 1957. John L. Draper, Judge of Part III, Court of General Sessions."

On June 11, 1957, Byron Swindle and Tim Searcy subscribed to the "Pauper's Oath in Lieu of Appeal Bond," before F. N. Howse, Deputy Clerk of the Court of General Sessions. The record does not show whether defendants actually filed these oaths with the Clerk or not.

On June 13, 1957, more than two whole days after the judgment was entered, the Judge of the Court of General Sessions entered this notation on the original warrant: "No appeal by either defendant has been prayed and none granted. John L. Draper, Judge of the Court of General Sessions, Part III."

An execution issued and $456.73 was recovered under the execution to be applied upon the judgment and costs.

Later, there appeared this entry upon the original warrant: "It is the considered judgment of the Court that the Court should have granted this appeal and signed the

papers on June 11, 1957. The Court grants the appeal 6-21-57. John L. Draper, Judge.''

The papers were transferred to the Circuit Court of Davidson County where the original plaintiff made this motion:

"Motion to Dismiss Appeal

''Comes the plaintiff and moves the court to dismiss the appeal of the defendants from the General Sessions Court of Davidson County, Tennessee, to this court upon the following grounds:

''1. No appeal was prayed or granted the defendant within two whole days following judgment, the day of judgment excluded.

''2. The warrant of the General Sessions Court shows upon its face that the defendants' appeal to this court was granted on June 21st, 1957, eleven days after the date of judgment, June 10th, 1957, and is in effect null and void.

''Wherefore plaintiff prays the judgment of this court dismissing the defendants' appeal and an order procedendo and return of the records to the General Sessions Court of Davidson County, Tennessee.

"Allen R. Cornelius, Jr.
"Attorney for Plaintiff.''

This motion was, also, filed in the Circuit Court:

''Comes the defendant and moves the Court for an order requiring the plaintiff to refund money which was obtained under a void execution said execution being issued subsequent to the perfection of an

appeal from the General Sessions Court to the Circuit Court; said judgment was rendered in the General Sessions Court of Davidson County on the 10th day of June, 1957, an appeal was perfected on the 11th day of June, 1957, and an execution was issued on the 13th day of June, 1957.

> "Gracey & Buck
> "By J. C. Summers,
> "Atty. for Dft."

The Circuit Court overruled the motion to dismiss the appeal and ordered that the funds collected upon the execution from the Court of General Sessions be paid into the Registry of the Circuit Court to be, "held subject to the final determination of this case."

Upon the trial of the cause in the Circuit Court on the merits, judgment was entered dismissing plaintiff's suit at his cost.

The judgment further provided:

"It is further ordered, adjudged and decreed by the court that the money held by the Clerk is declared to be the money of the defendants and that in event the plaintiff fails to perfect his appeal within thirty days, the Clerk pay said money over to the defendants. However, should the plaintiff perfect his appeal then said funds to be held pending disposition of the appeal."

The original plaintiff assigns two errors in his attack upon the foregoing judgment. One goes to the merits and one goes to a question of practice and procedure. The latter question is determinative, so the former question is pretermitted.

The question of practice and procedure is this: Did the trial judge err in refusing to dismiss the appeal from the Court of General Sessions to the Circuit Court?

The parties have treated the general statutes and decisions as controlling. Since we have been cited to no private act to change the general statutes and decisions, we shall follow the latter in arriving at our judgment. It is our understanding that the act, as amended, creating the General Sessions Court of Davidson County provides that appeals from the judgments of the General Sessions Court to the Circuit Court shall be governed by the rules relating to appeals from the judgments of Justices of the Peace to the Circuit Court.

We quote the applicable Code Sections.

T. C. A. sec. 27-501. "Right of appeal. — Any person dissatisfied with the judgment of a justice of the peace, recorder or other officer of a municipality charged with the conduct of trials, in a civil action, may, within two (2) entire days thereafter, Sundays exclusive, appeal to the next term of circuit court."

T. C. A. sec. 27-503. "Appeal bond.—Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the prosecution of the appeal, or take the oath for poor persons."

T. C. A. sec. 19-426. "Presumption of appeal.— An appeal bond, returned with other papers to the circuit court, is prima facie evidence that an appeal was prayed and granted, but the presumption may be rebutted by proof that an appeal was not prayed and obtained within the time allowed by law."

Construing these statutes, Tennessee Procedure in Law Cases provides, Section 1648:

"The following are forms suitable for taking appeals from these inferior courts:

"Prayer for Appeal.

"Plaintiff (or defendant, as the case may be) prays an appeal from the foregoing judgment to the next term of the Circuit Court of Maury County, which appeal to him as granted upon his executing bond as required by law, or upon taking the oath for poor persons. This 1st day of March, 1934.

"Sims Latta, J. P.

"This is indispensable. The appellant should see to it that his prayer for an appeal is indorsed on the summons or other paper on which the judgment is written."

The same text book provides, Section 1649:

"It is absolutely necessary for the party desiring to take an appeal from a justice's judgment to ask for this appeal within the prescribed time. A failure to do so is fatal. The fact that the appeal was prayed should be shown by the recital on some paper appearing to be a part of the record. But the fact that the prayer is not so shown will not be conclusive against appellant. He may show the fact. Code Sections 10189, 10191.

"If the record contains an appeal bond, or if there is a pauper's oath regularly subscribed, the presumption is that the appeal was prayed and granted

within the prescribed time, but this may be rebutted.''

Caruthers' History of a Lawsuit, Seventh Edition, construes these statutes.

Section 509. ''The circuit court may supply any defect in the proceedings of the justice the same as if they had been commenced in that court. So, if the papers returned into court do not contain a statement by the justice that the appeal was prayed for and granted, the appeal will be dismissed. But in this case also, the defect may be cured by amendment in the circuit court, and if the fact be so, the justice will be permitted to come into court and make the proper entry thereof; and an appeal bond returned by the justice with the other papers to the circuit court is prima facie evidence that an appeal was prayed and granted.''

Section 510. ''If the papers are filed in the circuit court without first praying and obtaining an appeal from the justice of the peace, or if the justice granted the appeal after the two days allowed for taking it, the circuit court would not thereby acquire jurisdiction of the case, and formerly could not pronounce any judgment whatever. The papers were simply stricken from the files of the court. But now, under Code, Section 9110 the court renders judgment against the appellant for the costs, and dismisses the appeal by striking the papers from the files of the court, and awarding a procedendo to the justice of the peace. The procedendo is process and serves as notice to the Justice that the case is still in his court,

and commands him to proceed with the execution of his judgment."

Wherefore, the Judge of the Court of General Sessions had no power to grant an appeal to the Circuit Court ten days after the entry of the judgment in favor of plaintiff in the Court of General Sessions. He had no authority to grant such appeal after two full days had expired from the entry of the judgment in his Court.

Defendants had their remedy by certiorari, but they made no effort to avail themselves of that remedy. Uselton v. Price, 41 Tenn. App. 134, 292 S. W. (2d) 788.

The result is that the trial judge committed reversible error when he overruled plaintiff's motion to dismiss the appeal. The judgment of the Circuit Court is reversed, and the motion to dismiss the appeal from the Court of General Sessions to the Circuit Court is sustained. The effect is to restore the judgment of the Court of General Sessions, but that effect will have to be accomplished by the order of the Circuit Court upon the remand. Let the order in this Court so provide with all costs taxed against defendants.

Remand to the Circuit Court of Davidson County for such further proceedings as may to that Court seem proper consistent with this opinion and the judgment of this Court based thereon.

Felts and Shriver, JJ., concur.