# J. W. RUTLEDGE v. BYRON SWINDLE et al. —348 S. W. (2d) 888.

Middle Section.   December 2, 1960.

Cortiorari Denied by Supreme Court September 6, 1961.

Allen R. Cornelius, Jr., Nashville, for plaintiff in error.

J. C. Summers, Nashville, for defendant in error.

HUMPHREYS, J. This case presents an interesting practice question which arises as follows. In May, 1957, plaintiff in error Rutledge sued defendants in error, Swindle and Searcy, individually, and doing business as Refrigeration Rental Supply Company, in the General Sessions Court of Davidson County for unliquidated damages in the amount of $1,500. They did not defend

the suit in that court and judgment was entered for $700 on June 10, 1957. On June 11, 1957, defendants in error employed counsel and acting upon his instructions went to the office of the clerk of the General Sessions Court to perfect an appeal to the Circuit Court, and, before the clerk, who had been notified by their counsel that they would be there, filed a pauper's oath in lieu of an appeal bond. Although ordinarily upon this having happened an appeal would have been noted, this was not done and on the 14th day of June, 1957, an execution was issued from the General Sessions Court and levied upon the property of defendant in error, Swindle, $450 being realized thereby, upon notice that this had occurred counsel for the parties appeared before the General Sessions Judge for a hearing following which a notation was made on the warrant granting the appeal on June 21, 1957. Thereafter motions were filed in the Circuit Court to dismiss the appeal but were denied. In the non-jury trial on the merits in October, 1957, the suit was dismissed. Subsequently, plaintiff in error appealed to this Court which was of opinion the appeal had been erroneously granted, and that the Circuit Judge was in error in overruling plaintiff in error's motion to dismiss the appeal. Thereupon we reinstated the default judgment of the General Sessions Court, and remanded the case to the Circuit Court, 45 Tenn. App. 27, 319 S. W. (2d) 488. Petition for writ of certiorari was denied by the Supreme Court on December 12, 1958, and the order of remand went to the Circuit Court Clerk on December 15, 1958. On January 7, 1959, defendants in error petitioned for and were granted writs of certiorari and supersedeas, by Judge Roy Miles of the Circuit Court of Davidson County, to bring the case up

from the General Sessions Court for trial in the Circuit Court. After disposing of a motion to dismiss and a demurrer, the petition was heard on its merits on the 23rd day of November, 1959, after which the Circuit Judge rendered judgment sustaining the petition for certiorari and dismissing plaintiff in error's suits and taxing him with costs. Plaintiff in error has appealed and has assigned seven errors. We think the real questions raised by the appeal will be answered if we will respond to the two assignments of error based on the action of the trial judge in overruling plaintiff in error's motion to dismiss and his demurrer.

The motion to dismiss was upon three grounds: (1) That there was nothing in the General Sessions Court for which a writ could be granted. (2) That the cause had been remanded to the Circuit Court with direction from the Court of Appeals, and this terminated the litigation and the Circuit Court could not go beyond this. (3) That the petitioners were too late in filing their petition. The ground of the demurrer was that the petition showed on its face that the defendants in error had had one trial on the merits and plaintiff's suit had been dismissed but that the Court of Appeals reversed this judgment and re-manded the cause on a procedendo, which as a matter of law would not permit the court to consider the merits of the case further. It will be observed the ground of de-murrer is in effect the second ground of the motion to dismiss so that there are but three questions presented for our consideration. (1) Did the remand of the Court of Appeals operate to deprive defendants in error of a trial on the merits? (2) Should the petition for certiorari have been dismissed on motion upon the ground that there was nothing in the General Sessions Court for

which the writ could be granted? (3) Were petitioners too late in filing their petition?

In the course of our reported opinion on the first appeal we observed that two questions were presented by the appeal, one as to the merits and one as to practice and procedure, and that the latter question was determinative of the appeal. We stated the question of practice and procedure as being, "Did the trial judge err in refusing to dismiss the appeal from the Court of General Sessions to the Circuit Court." [45 Tenn. App. 31, 319 S. W. (2d) 490.] We then examined the matter in the light of the relevant statutes and cases and held that the trial judge had so erred, concluding our opinion with the following:

"The result is that the trial judge committed reversible error when he overruled plaintiff's motion to dismiss the appeal. The judgment of the Circuit Court is reversed, and the motion to dismiss the appeal from the Court of General Sessions to the Circuit Court is sustained. The effect is to restore the judgment of the Court of General Sessions, but that effect will have to be accomplished by the order of the Circuit Court upon the remand. Let the order in this Court so provide with all costs taxed against defendants.

"Remand to the Circuit Court of Davidson County for such further proceedings as may to that Court seem proper consistent with this opinion and the judgment of this Court based thereon". 45 Tenn. App. 34, 319 S. W. (2d) 491-492.

Did this opinion have the effect of making the judgment of the Court of General Sessions final so that the power of the Circuit Court to grant certiorari guar-

anteed generally by the constitution and provided for specifically by statute could not be exercised in regard thereto? After the fullest consideration we are convinced the remand did not have this effect. It was our intention to do no more than to remand the case to the Circuit Court for the reinstatement of the judgment of the General Sessions Court. The opinion nowhere states that the judgment of the Court of General Sessions is a final judgment and the effect of the opinion is simply to restore the judgment of the Court of General Sessions, upon the remand. Additionally the contention the judgment of the General Sessions Court is final so that the Circuit Court of Davidson County cannot proceed further in regard thereto is not consistent with our statement in the opinion that the case is remanded to the Circuit Court of Davidson County "for such further proceedings as may to that Court seem proper consistent with this opinion and the judgment of this Court based thereon." This language recognizes as perforce it must, that the question of the reviewability of that judgment by the Circuit Court could not be foreclosed except upon a trial of that issue, and that that issue was not before the Court. Applicable here is a principle recognized in Shirley v. Sovereign Camp, W. O. W., 20 Tenn. App. 290, 98 S. W. (2d) 511, that this Court is without jurisdiction to decide a case on its merits (so as to enter a final decree or judgment) where the lower court, whose action is being reviewed could not lawfully render any decree other than to dismiss the suit. Certainly, this being the unquestioned rule, this Court's opinion and mandate in the present case upon its former appeal cannot be construed as a final disposition of the case so as to prevent further proceedings therein in accordance with its merits, under the law as it might apply thereto.

As we stated in the course of our opinion we were passing only on the practice and procedural question presented and not upon the merits, so the opinion could not rightfully be considered as determinative of the entire case, so as to make the judgment of the General Sessions Court final.

Plaintiff in error refers to the word "determinative" used in the opinion as sustaining his contention and says that by the use of this word we have indicated that the judgment is a final judgment which cannot be disturbed. We do not think the word is subject to that construction. What we said there was simply that the resolution of the question of practice and procedure would be determinative of the appeal, so that the question on the merits would not be considered. This is not to say that the decision of the procedure question in favor of the plaintiff in error would finally determine the whole lawsuit. Actually, the contrary is implied as usually the violation of a rule of practice or procedure does not ordinarily result in the loss of the right to a trial on the merits unless the rule of practice or procedure expressly requires this result. In support of the contention here considered plaintiff in error cites Underwood v. Martin, 2 Tenn. 190. That case however is simply expository of the well-recognized rule that the lower court must act in accordance with the mandate of the superior court upon a remand. All agree that that is the law but that does not answer the question which we have undertaken to answer above. This contention of plaintiff in error is overruled.

■ Plaintiff in error's second contention that the writ should have been dismissed because there was nothing in the General Sessions Court upon which the writ could operate at the time it was granted, the case being before

the Circuit Court, is unsound. The petition for certiorari and supersedeas was filed with the Circuit Court Clerk on January 12, 1959, following the filing of the procedendo of the Court of Appeals in that office on December 15, 1958. So at the time the petition was filed the opinion and order of remand of this Court was on file with the clerk and this order had the real effect, although it may have required technical implementation, of restoring the judgment of the General Sessions Court. See sec. 21-1217 T. C. A. On March 3, 1959, on application of plaintiff in error Rutledge the case was remanded to the General Sessions Court and by minute entry on that day it was so ordered. At that time the General Sessions Court was under a fiat superseding the collection of the General Sessions Court judgment and requiring the certification of the case to the Circuit Court, issued by the Circuit Court on January 12, 1959.

■ It would over-glorify a technical situation and result in substantial injustice to hold that upon this state of affairs the petition for writ of certiorari should be dismissed. So to hold would be contrary we think to three opinions of our Supreme Court. In Hardin v. Williams, 52 Tenn. 385, the Court said, ''The motion to dismiss a petition for certiorari is not a proceeding to be favored by the Courts, because it does not affect the merits, and because it is the policy of the law to remove every possible embarrassment to the full and free enjoyment of the right of trial by jury. * * * It was in reference to this latter remedy (certiorari to secure a review of the case on its merits) particularly, that this Court said, in the case of McCormack v. Miller, [McCormack v. Murfree, 2 Sneed 46] that the Courts will rather relax than render more stringent the practice reg-

ulating the remedy by certiorari where merits exist, and no real fault or negligence can be imputed to the party.''

In State ex rel. Karr v. Taxing District of Shelby County, 84 Tenn. 240, the Supreme Court said at page 249: ''In the case before us, the proceedings were in the court, and by the court, and parts of the record. We think therefore, that the Taxing District is entitled to bring up the record by the writ of certiorari. *And inasmuch as the transcript of the record is already on file in this court upon the appeal, the right under the writ may be perfected, by giving a bond with security for costs, without the formality of the actual issuance and return.''* (Emphasis ours.) This opinion indicates, that where the papers are already in a court, relief under a petition for certiorari will be granted and a transfer effected, even though it is not necessary actually to issue the writ.

We also think Garrett v. Perryman, 2 Tenn. 108, 109 is decisive of this issue against the plaintiff in error. In this case an appeal was prayed from justice court to the county court. On motion the appeal was dismissed. After this, *before a procedendo was awarded remanding the cause to the justice of the peace court,* a certiorari was obtained to bring up the proceedings of the lower court to the county court. Motion to dismiss on that account was made in the county court and was overruled. On appeal, the Supreme Court affirmed the action of the county court in overruling the motion to dismiss. That case, while not identical with this, seems to us to settle this question.

Finally, the action of the Circuit Court is consistent with the purpose, spirit and intent of sec. 21-1217 T.C.A., heretofore referred to providing in substance that cases

remanded by appellate courts for further proceedings shall be deemed reinstated in the lower court from the time of the filing of the certified copy of the decree or mandate of the appellate court and that parties may proceed in the case in accordance with the mandate without further action of the lower court thereon and without the actual entry on the minutes of the decree or mandate.

The third question is whether petitioners were too late in filing their petition. Plaintiff in error has not briefed this proposition and has not argued it. However, it is a question which does arise upon the first assignment so we notice it and dispose of it in this opinion.

It should be here pointed out that plaintiff in error does not contend he has a meritorious case. It cannot but be noticed that upon two trials on the merits before experienced circuit judges, his suit was dismissed. While this is by no means decisive of plaintiff in error's legal rights it does make it quite clear that if he succeeds he will have recovered a judgment of $700 upon technical grounds to which in fact he is not entitled. Moreover, it should be noticed here that plaintiff in error has not attacked the petition for writ of certiorari as not being upon sufficient and valid grounds. In Caruthers History of a Lawsuit, Seventh Edition, sec. 533, it is pointed out that grounds of a motion to dismiss should be, among others, that the petition does not show sufficient cause for not appealing, or that it does not show merits or facts which evince the injustice of the judgment. There are no such grounds as these in the present motion to dismiss. All of the grounds are technical in character.

The rule as to the diligence required of a petitioner for writs of certiorari and supersedeas is quite clearly stated

in the authority last mentioned. Reference is made to sec. 526 from which we quote:

"It will only be granted 'where reasonable and proper diligence is used to procure it. The question of diligence is one always dependent on the facts and circumstances stated in the petition. It is diligence to bring up the proceedings to the first term of the circuit court held after judgment; and, prima facie, it is culpable neglect and delay not to do so until the second or any subsequent term. It is true, the certiorari may well be granted at the second or subsequent term, but only on cogent and sufficient reasons, accounting for the delay to the satisfaction of a sound legal discretion. There must be no laches justly attributable to the party.'

"The principle is that there ought to be as little delay as possible in applying for the remedy; it is a substitute for the appeal, and ought to bring up the proceedings to the same term to which the appeal would have brought them, if it had not been defeated.

*"But the same causes that would be deemed sufficient for not appealing would be deemed sufficient for not applying at an earlier period for the certiorari, if that cause continued to operate."* (Our emphasis.)

■ It is only necessary to read these quotations to see that plaintiff in error cannot prevail in his contention the application for the petition was too late. It will be observed in the first place, the question of diligence or lack of it is addressed to the sound discretion of the trial judge. So that, while this Court has supervisory jurisdiction over the exercise of this discretion where it

appears to have been abused or to have been exercised contrary to law, this supervisory jurisdiction ought not be exercised unless one of these two things is clear, which is not so here. There is no positive rule of law limiting time which has been violated, and we cannot say that the trial judge's evaluation of the facts and his ultimate judgment in favor of granting the petition and over-ruling the motion to dismiss is an abuse of discretion.

The facts bring this case clearly within the saving provisions noticed in Caruthers, supra. For, certainly, the fact that the trial judge sustained the first appeal is a valid and lawful excuse for not petitioning for certio-rari and this situation which prevailed until reversed by the Court of Appeals, was a "cogent and sufficient reason, accounting for the delay." The application in this case was not too late, under this authority, for there is no doubt but that the cause for failing to apply for the writ earlier, the Circuit Court's validation of the appeal, continued to operate up until just a matter of days before the writ was applied for. See Garrett v. Perryman, supra, in which the writ was granted after the appeal was dismissed by the County Court.

The time within which the writ must be applied for has been discussed in our cases in terms of the diligence or laches of the petitioner. In 14 C. J. S. Certiorari sec. 66, the general rule is stated to be "In the absence of any limitation fixed by statutes or rules, the writ must be applied for within a reasonable time, and may be denied for laches." In discussing this general statement the text goes on to say, "There is no hard and fast rule by which to determine whether laches has barred the remedy, but each case must depend upon its

own peculiar facts. What period will constitute 'a reasonable time' within the meaning of the rule laid down, is a question for the judicial discretion of the court in most cases, and its exercise of that discretion will not be revised, if not abused; but no unreasonable diligence will be required.

"Generally, lapse of time will not preclude the granting of the writ where the delay has resulted in no detriment." This statement of the rule is consistent with the prevailing rule here that laches is available only where prejudice to rights exist in fact or in law.

The motion to dismiss for late filing should have been overruled, also, on another principle laid down in Hardin v. Williams, supra, where the Court said:

"The General principle, applicable alike to all cases, is, *that when the party is deprived of his appeal by any cause whatever, other than by his own fault or negligence, that of itself is 'sufficient cause' within the sense of the Constitution, provided he has shown also in his petition a meritorious case. And when a clear case of merit is shown, the rule which requires also a good reason for not appealing, will not be applied with so much rigor.* 2 Sneed, 46; 2 Hum[ph.], 32; Car. Hist., L. S. s. 655. In the case of Garrett v. Perryman, it was held that the negligence of an attorney in taking and conducting an appeal was good ground for a certiorari; 2 Tenn., 108. And in McCormack v. Murfree, it was held, that, when the plaintiff was unable to attend the trial, and failed to send an agent because no defense was anticipated, he did not forfeit his right to the writ of certiorari: 2 Sneed, 48; et vid. Lee v. Hard[e]way, 6

Yer[g]., 502; Smith v. White, 5 Hum[ph.], 46; Angelby v. Donoho, 3 Hum[ph.], 145; Meigs' Dig., 164; Hale v. Landrum, 2 Hum[ph.], 32.'' (Our emphasis.)

Applying this opinion to the facts of this case, since a litigant's reliance upon a judgment of the Circuit Court that his appeal from a justice of the peace court is valid can hardly be described as fault or negligence, reliance thereon is a sufficient cause within the sense of the Constitution and the statutes for not applying earlier for a writ of certiorari and the objection on that account must be overruled. (Also, see Spivy v. Latham, 27 Tenn. 703, in which a judgment pronounced in September, 1834, in a justice of the peace court was brought before the Circuit Court by certiorari in October, 1846, and upon a retrial of the case the defendant was discharged.)

We think the disposition we have made of the plaintiff in error's first contention and authorities cited in support thereof, disposes of another contention of plaintiff in error, that the case should have been dismissed by Judge Miles on plaintiff in error's motion on the ground that, after Judge Miles had granted certiorari, Judge Douglas of the Circuit Court, entered an order of remand of the case to the General Sessions Court. We have held, Judge Miles' certiorari had the effect of removing the case to the Circuit Court for trial, so that if Judge Douglas' order of remand had any effect at all and did operate to remand the case to the General Sessions Court, the continuing operation of the writ of certiorari on that court would have had the effect of restoring the case to the Circuit Court for trial. The Circuit Court Clerk is also the Clerk of the General Sessions Court, so it does no violence to the practical necessities of the situation for us to hold and the authorities we have cited

sustain this conclusion. Plaintiff in error has referred us to no authorities sustaining his contention in this regard. The only case cited by plaintiff in error and relied on with any confidence which could relate to this particular contention is Haley v. Doochin, 186 Tenn. 137, 208 S. W. (2d) 756, but that case is not in point. It involved a situation where, after one circuit judge had entered an order overruling a motion to dismiss a writ of certiorari, another circuit court judge sustained the same motion and dismissed the certiorari. The Supreme Court said that the only court with authority to do that was an appellate court; that a court of coordinate jurisdiction did not have this power. The only way the opinion in that case could apply here would be to the order of Judge Douglas to remand the case to the Court of General Sessions after another circuit judge had granted a certiorari to transfer that case to the Circuit Court for trial. But it does not apply, in our opinion, so as to invalidate Judge Miles' order granting the writ of certiorari.

All of the assignments of error are overruled and the judgment of the Circuit Court is affirmed.

Hickerson and Shriver, JJ., concurring.