DbadeRick, Cli. J.,
delivered tlie opinion of the court:
The circuit judge, upon motion, dismissed the appeal of plaintiff and affirmed the justice’s judgment, and plaintiff appealed.
The judgment of the justice was in replevin, and in favor of defendant in proper form. It was rendered on the fifth day of December, 18Y6, from which the plaintiff demanded an appeal on the seventh of December, 18Y6, and it is recited that the appeal “is granted when he given bond and security according to law, and I allow him twenty-five days from this date to make bond,” dated the seventh of December, 18Y6. Bond was given on the twenty-eighth of December, 18Y6.
Plaintiff insists that the justice of the peace had the power to take the bond and grant the appeal, as shown in the record, and relies upon the case of McCarver v. Jenkins, 2 Heis., 629, and Gilbert v. Driver, 3 Head, 463, as warranting the action of the justice.
We do not think a proper construction of the points decided in either of the cases cited sustains the action of the justice of the peace. The 3 Head case expressly decides that an appeal cannot be granted after the expiration of two days from the date of the judgment, and reserves the question as to whether a justice may take a bond after two days when the appeal has been prayed and granted *291 within the two ckys, as required by sec. 3140 of the Code. The next section, 3141, provides that bond and security shall be given when the appeal is granted. But in 2 Heis., 629, it was held that this section was directory, and that after the grant of the appeal a bond may be given after the expiration of two days. In that case the appeal was prayed and granted on Monday, and the justice gave the party the form of a bond, which he took away with him, and returned to the justice the next Satnrday executed and dated the day of the rendition of the judgment, and this was held sufficient to entitle him to an appeal. This was the extent of the holding in that case.
In both the cases cited it appears that the appeal was prayed and granted within the two days required by law. But in this case, while the record shows a demand for an appeal, it also shows that it was to be granted at some future time within twenty-five days, when a bond should be executed.
In the case in 2 Heis., Judge Sneed, in delivering the. opinion of the court, says that a substantial compliance is all that is necessary; that the absence of a security might demand an indulgence of a few days, and cites the rule long prevalent in chancery cases of granting time to give security after appeal prayed and granted.
We have held before the passage of a recent act that the circuit court could not grant time for giving bond beyond its term, and the practice, when applied to proceedings before justices’ courts, would be liable to great abuses, and we are not disposed to extend it beyond the rule prescribed in the 2 ITeis. case.
In secs. 3394-3399 of the Code the mode of proceeding in replevin before a justice of the peace is prescribed. Section 3398 expressly provides that either party may appeal from the justice’s judgment within two days after judgment, on giving bond in double the value of the property, etc. Here is a special bond required for appeal in *292 replevin cases, and a lime within which the bond is to be given.
If the justice may give twenty-five days’ time for a bond to be executed, which the statute, in its language, says must be executed within two days, why may he not extend fifty days’ time or more? The cases relied on do. not warrant the proceedings of the justice in this case, and there was no error in dismissing the appeal.
Affirm the judgment.