Howard *v.* Long.

# T. J. HOWARD *v.* JOHN LONG.

APPEAL. *Appeal bond. Must be executed within two days.* An appeal from a judgment of a justice of the peace must be prayed and granted within two days, Sunday excepted, and no appeal can be granted except upon the execution of a bond or by taking the pauper's oath.

## FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

J. A. MOON and LEWIS SHEPHERD for Howard.

KEY & RICHMOND for Long.

MCFARLAND, J., delivered the opinion of the court.

This action was commenced before a justice of the peace, who gave judgment for the plaintiff. In the circuit court the judgment was for the defendant. The plaintiff has appealed in error. The only question is whether the circuit court erred in overruling the plaintiff's motion to dismiss the defendant's appeal. The judgment of the justice, rendered on the 13th of August, 1877, was written out, dated and signed of that day. There is nothing on the paper to show an appeal except the following, which the record shows is endorsed on the appeal bond:

"The appeal was prayed and granted on filing a competent bond, and the plaintiff's attorney offered to

give bond the same day, but the court was busy, and in the afternoon the court was instructed by plaintiff to hold the papers, as there was a probability of a compromise.    J. W. Leigh, J. P."

The appeal bond executed by the defendant and surety appears in the record, dated the 12th of November, 1877, and upon its face shows that it was for the prosecution of an appeal "this day prayed and granted" from the judgment of the justice rendered the 13th of August, 1877.    The foregoing entry of the justice, showing that appeal was prayed and granted upon competent bond, etc., is not dated, but as the record shows that it is endorsed on the appeal bond, and the appeal bond was not executed until the 12th of November, it was probably made at that time. Upon the hearing of the motion to dismiss, the affidavit of the justice was introduced, showing that as soon as the judgment was rendered the defendant, by his attorney, prayed an appeal, which was granted to him, and he then offered to execute bond and security, but being busy the justice requested him to call again; his recollection is that he did call again within the two days, and requested a blank bond to fill up, but the justice being again very busy requested that he call again.    Shortly after he was informed by plaintiff's attorney that the matter would probably be settled, and not to be in a hurry about taking the papers to court.    He was also informed by defendant's attorney that there was prospect of a compromise, and that he would give the bond at any time. That the delay was caused by the press of business

in his office, and that no delay was requested by defendant or his attorney. Upon this the motion to dismiss was overruled.

By the Code, sec. 3140, two entire days, Sundays excluded, are allowed in which to pray an appeal from the judgment of a justice of the peace. By the next section it is provided that before the appeal is granted bond and security must be given. It has been held that by the very letter of the statute the justice has no authority to grant an appeal after the two days. *Gilbert* v. *Diver*, 3 Head, 463. And as the bond must be given before the appeal is granted, it would. seem necessarily to follow that both the appeal must be granted and the bond given within the two days. But in the case of *McCarver* v. *Jenkins*, 2 Heis., 629, it appeared that the appeal bond bore date the day the judgment was rendered, and showed an appeal was then prayed and granted. It appeared, however, that in fact the bond was not filed for some seven days afterward. The justice proved that the appeal was prayed and granted within the two days. This court held that the judgment of the circuit court dismissing the appeal was erroneous. In the subsequent case of Poindexter v. *Cannon*, 1 Leg. Rep., 205, it appeared that the justice had within these two days granted an appeal upon bond and security being given, and had allowed twenty-five days within which to give bond, and within this time the bond was given. It was held that the appeal was properly dismissed. Referring to the case of McCarver *v.* Jenkins, Judge Deaderick said that the court was not disposed to ex-

14—VOL. 3.

tend the doctrine of the case any further; that if the justice could grant twenty-five days within which to execute bond, he might grant fifty days or longer. The bond in the present case was executed three months less one day after the judgment was rendered. The entry made by the justice on the bond, admitting, as is the probable fact, that by mistake the word "plaintiff" was used for "defendant," shows that within the two days the appeal was prayed by defendant and granted upon a "competent" bond being given. The justice, it is true, says in his affidavit that the appeal was granted, but he could only grant the appeal on bond or the pauper's oath, so that in fact the appeal was only granted upon condition the bond was given. And the only difference between this case and the case of Poindexter v. Cannon is, that in that case the justice in writing granted the party twenty-five days within which to give bond, and in this case by parol understanding between the justice and the attorney of the defendant the time was extended to almost three months. The motion to dismiss was made in proper time, and the ground specifically pointed out. Upon the authority of the case of Poindexter v. Cannon, we must hold that the motion should have been sustained.

If the latter case does not in effect overrule the case of McCarver v. Jenkins, it at least confines it to very narrow limits. The latter case meets our approval.

The judgment will be reversed and the motion to dismiss the appeal from the justice sustained.