## W. A. CHAPMAN *v.* W. J. HOWARD.

APPEAL BOND. *Justice's judgment.* A motion to dismiss an appeal from a justice's judgment because the appeal bond was not accepted within the time prescribed by law, was properly sustained where the papers, filed on the first day of the next term of the circuit court, were endorsed by the justice, " returned without bond," although a bond dated as of the day of the filing be among the papers.

### FROM GILES.

Appeal in error from the Circuit Court of Giles county. W. S. McLEMORE, J.

---

Chapman *v.* Howard.

---

E. T. TALIAFERRO for Chapman.

F. SMITHSON for Howard.

COOPER, J., delivered the opinion of the court. .

Howard sued Chapman before a justice of the peace on an open account. On the 28th of September, 1878, the justice rendered a judgment in favor of Howard against Chapman for $18, which was written, it seems, on the back of the warrant. Then follow the following endorsements on the warrant:

"Appeal prayed by defendant, W. A. Chapman, September 28, 1878. Granted. Returned without bond. J. P. C. Reed, J. P."

"Filed in office November 25, 1878. J. H. Harris, Clerk."

The first term of the circuit court after the rendition of the justice's judgment commenced on the 25th of November, 1878. On the 30th of the same month the plaintiff moved to dismiss the appeal "for the want of an appeal bond." On the 10th of the next month the cause was heard upon a motion, as recited in the judgment entry, to dismiss the appeal "because the appeal bond was not accepted within the time prescribed by law." The motion was sustained by the circuit judge, the appeal dismissed with costs, and the cause remanded to the justice to be proceeded with. From this judgment the defendant Chapman has appealed in error to this court. The transcript ·contains a proper appeal bond executed by Chapman,

with sureties, for the appeal from the justice's judgment, dated November 25, 1878.

In *McCarver* v. *Jenkins*, 2 Heis., 629, it was held that the provision of the Code, sec. 3141, requiring the execution of an appeal bond before the appeal is granted from the judgment of the justice, is directory. In *Poindexter* v. *Cannon*, 1 Leg. Rep., 205, the court seem inclined to limit the discretion of the justice to a few days' delay at the instance of the appellant at the time. It is very doubtful whether the liberal construction adopted for the attainment of the ends of justice in the first case may not prove more injurious than beneficial to litigants. But the utmost extent of liberality authorized by that construction was that when the appeal was prayed and granted within the time prescribed by law, the mere fact that the appeal bond was executed afterward, "if accepted and filed by the justice," would not vitiate the appeal. It may also be true that an appeal bond, returned to court with the papers, will be *prima facie* evidence that the appeal was prayed and granted.

In the case before us, the justice of the peace himself says that he returned the papers "without bond," and his power to accept a bond necessarily terminated with the return of the papers to the circuit court. *Prima facie,* no appeal bond had been then accepted. The bond itself does not show the contrary, either on its face or by any endorsement. If the fact were otherwise, the proper course would have been to move that the justice be allowed to amend

his return.　　An acceptance before the return day cannot be presumed in the face of the justice's return.

The judgment of the circuit court was correct, and must be affirmed.