HOBACK MOTOR COMPANY, Plaintiff in Error, v. W. C. KYLE, Defendant in Error.

Eastern Section. May —, 1929.

Petition for Certiorari denied by Supreme Court, October 12, 1929.

Paul R. Stewart, of Athens, for plaintiff in error.

R. N. Ivins, of Athens, for defendant in error.

SENTER, J. A replevin suit originating in a Justice of the Peace Court, resulting in a judgment in favor of the plaintiff below, W. C. Kyle, who, for convenience, will be referred to as the plaintiff, against Hoback Motor Company, who will be referred to as the defendant.

The only question involved for the determination of this court on the appeal, is the action of the trial judge in sustaining the motion of plaintiff below to dismiss the appeal on the grounds that the appeal bond was not filed within two whole days, exclusive of Sunday, as provided by statute in the matter of appeals from a judgment in a Justice of the Peace Court.

In this case it appears that the Justice of the Peace who rendered the judgment resided just outside of the corporation limits of the City of Athens. The case was tried on January 22, 1929, and on January 24, 1929, within the two days after the trial of the case, the attorney for the defendant communicated with the Justice of the Peace by telephone at the residence of the Justice of the Peace, between the hours of three and four o'clock in the afternoon, and informed the Justice of the Peace that the appeal bond had been prepared and was then in the hands of the attorney for the defendant at his office in Athens, and in the telephone conversation inquired of the Justice of the Peace how he could get the appeal bond to the Justice so as to have the same filed. The Justice of the Peace replied that if it was mailed to him he would not receive it until about nine o'clock on the following morning, and then suggested that he would call at the attorney's office on the next morning for the appeal bond. The Justice of the Peace did call at the office of the attorney for defendant about 7:30 o'clock on the morning of January 25, this being the third day after the trial. It appears that the attorney for defendant endeavored to locate the Justice of the Peace at his office in the City of Athens on the afternoon of January 24, before calling the residence, but failed to find the Justice of the Peace at his office. After procuring the appeal bond from the attorney for defendant, the Justice of the Peace delivered the same, together with the warrant, to the clerk of the

circuit court of McMinn county on January 26, 1929. At the next term of the circuit court the plaintiff, by written motion, moved the dismissal of the appeal, because of the failure to file the appeal bond within the time as provided by law. The trial judge heard evidence on the motion, and sustained the motion and dismissed the appeal. From this action of the court, and from the action of the court in overruling the motion of defendant for a new trial, the defendant has appealed to this court, and has assigned this action of the court as error.

Appellant concedes that in order to perfect the appeal and to give the circuit court jurisdiction, the appeal bond must be tendered and accepted within two whole days after the date of trial. It is the contention of appellant that substantial compliance with the statute was made by the attorney for the defendant under the facts as above set forth. That there was an implied acceptance of the bond by the Justice of the Peace on January 24th in the telephone conversation, and a substantial and implied tender of the appeal bond by the attorney for defendant in his call by telephone and informed the Justice of the Peace that the appeal bond had been prepared and was then in his hands for filing, and that this constituted a tender of the bond, and that when the Justice of the Peace suggested' that he hold the bond in his office and that he would call for it on the following morning, that this constituted an acceptance of the bond by the Justice of the Peace on January 24th, although there was not a physical delivery of the bond to the Justice of the Peace until the following morning when the Justice of the Peace called by and received the bond. Appellee contends that there was neither a delivery of the bond nor an acceptance of the bond within the two days after the rendition of the judgment, and, hence, the circuit court was without jurisdiction, and properly dismissed the appeal on the motion of plaintiff.

We are of the opinion that the learned trial judge was not in error in sustaining the motion to dismiss the appeal under the facts. The bond was not accepted and filed by the Justice of the Peace within the time provided by statute. The statute is mandatory, and the matter of appealing from a judgment of a Justice of the Peace is controlled by the statute. The Justice of the Peace has no power to extend the time in which the appeal may be perfected. (Shannon's Code, Secs. 4871-4872; Chapman v. Howard, 3 Lea, 363; Poindexter v. Cannon, 2 Shan. Cas., 920.)

Prior to the passage of the Acts regulating appeals from judgments in Justice of the Peace Courts, an appeal could not be taken from a Justice of the Peace judgment after the date of its rendition. (Hays v. Kirk, 2 Overton, 322.)

The statutes on the subject fix the time in which appeals could be taken from the judgments of a Justice of the Peace, and fix the time at two whole days after the date of the rendition of the judgment, not including Sundays. These sections of the Code have been considered in numerous cases by the Supreme Court, and also by the Court of Civil Appeals. The case of Frazier v. Auto Company, 6 Higgins, 489, has been cited by appellant. In that case it appeared that the defendants in a suit before a Justice of the Peace appealed from the judgment, and executed an appeal bond within two days after the date of the rendition of the judgment with their own name signed as sureties. This bond was accepted by the Justice of the Peace and the bond and the papers were duly filed in the circuit court. It was held by the Court of Civil Appeals, and which opinion was affirmed by the Supreme Court, that, notwithstanding the insufficiency of the bond, the defendants should be permitted to file in the circuit court a new and sufficient cost bond. In that case the bond had been seasonably filed and accepted by the Justice of the Peace, but it was insufficient, in that no sureties, other than the parties defendant, signed the bond. However, in that case the court further said that the question there presented, was, primarily, as to whether the document tendered by the defendants and accepted by the Justice of the Peace within the two days as provided by the law, was effectual to transfer the case to circuit court, and the further question, as to whether the so-called appeal bond was subject to amendment in the circuit court, and these questions were decided in favor of the contention of the defendants, and they were permitted to file a new bond. The question was not made in that case that a Justice of the Peace could accept a bond tendered later than the time provided by statute, and that question was not before the court, although there was some discussion of that question in the opinion, and in the discussion of that question, the Court of Civil Appeals recognized that there was some conflict in the Tennessee cases on the subject.

We are of the opinion that when our Tennessee cases are examined, that the rule seems to be now settled, that the bond in some form must be tendered and accepted by the Justice of the Peace within the time provided by statute, viz. within two whole days, Sundays excluded, from the rendition of the judgment. Hence, the question now for determination is whether, under the facts, there was a tender and an acceptance of the bond within the two days after the judgment was rendered. We think not. In order to make the appeal effectual, there must be a bond tendered, and this bond must be approved and accepted by the Justice of the Peace. In the telephone conversation the attorney for the defendant did not state to the Justice of the Peace the amount of the bond, or the

names of the sureties thereon. He merely stated that the appeal bond had been prepared and was then in his hands for filing. The Justice of the Peace lived in the out-skirts of the City of Athens, and this conversation occurred in the afternoon between three and four o'clock. The Justice of the Peace made no statement that could be construed as an acceptance of the bond, but merely stated, in response to the inquiry of the attorney, that if the bond was mailed it would not reach him until nine o'clock the next morning, and then suggested that he would call by the office of the attorney and get the bond the next morning. Clearly the Justice of the Peace did not then know the amount of the bond, the form of the bond, or the names of the sureties, and at most his statement to the effect that he would call for the bond the next morning could only be construed that if he found the bond sufficient and in conformity with the law, that he would accept it. If the attorney for the defendant, in the telephone conversation, had informed the Justice of the Peace of the amount of the bond and the sureties thereon, and asked the Justice of the Peace if the bond was satisfactory as described, and the Justice of the Peace had expressed satisfaction with the same and that he would accept the same in that form, and then merely let the bond remain in the hands of the attorney until the next morning as a matter of convenience, it would, perhaps, present facts sufficient to support a contention that the bond had been tendered and accepted within the two days. But according to the record, no information as to the form of the bond, the amount of the bond, or the names of the sureties, was communicated to the Justice of the Peace in the telephone conversation of January 24. If the defendant had made diligent effort to locate the Justice of the Peace within the two days, and for the purpose of tendering a sufficient bond, and he had failed to locate the Justice of the Peace, and for this reason could not procure the filing of the bond within the two days allowed by law, his remedy would have been by certiorari, and in this way his rights to a review of the case by the circuit court would have been preserved.

We think this would have been the remedy, provided, of course, due diligence had been exercised by the defendant to have the appeal perfected, and he had failed because of no fault or lack of diligence on his part.

It results that the assignments of error are overruled, and the case is affirmed. Appellant and sureties on the appeal bond will pay the costs of this appeal.

Owen and Heiskell, JJ., concur.,