**CITY OF RED BOILING SPRINGS, Tennessee, Plaintiff–Appellant,**

v.

**Donald WHITLEY, Defendant–Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 28, 1989.

Application for Permission to Appeal Denied by Supreme Court Sept. 25, 1989.

Ken Witcher, Lafayette, for plaintiff-appellant.

Thomas H. Bilbrey, Lafayette, for defendant-appellee.

## OPINION

CANTRELL, Judge.

The defendant-appellee attempted to appeal a case from the city court of Red Boiling Springs to the Circuit Court of Macon County. The primary question on appeal is whether he complied with the required procedure to give the circuit court jurisdiction over the controversy.

The City of Red Boiling Springs charged the defendant-appellee with the offense of public drunkenness and secured a conviction in the city court on October 5, 1985. In the warrant, after a finding that the defendant was guilty as charged, the following appears over the signature of the city judge: "Asked for appeal. Has 10 days to appeal. This 10–5–1985."

On October 12, 1985, the defendant filed a document entitled "Notice of Appeal from City Court and Demand for Jury Trial" with the clerk of the Circuit Court of Macon County. The notice was filed with a bond in the amount of $250.00 executed by the defendant only, without a surety. The city moved to dismiss the case because the defendant had not properly perfected the appeal. The circuit judge overruled the motion.

Thereafter, the case acquired a long history in the circuit court before a final judgment came to this court on appeal. We deem the subsequent proceedings in the circuit court irrelevant to the main issue before us.

In Chapter 120 of the Private Acts of 1953, the legislature created the city court of Red Boiling Springs and provided that appeals from that court shall go to the circuit court. Ch. 120, art. III, § 3.04, 1953 Tenn.Priv.Acts 429–430. The general law provides that appeals from a city court shall be governed by the same procedure that applies to an appeal from the general sessions court to the circuit court. Tenn. Code Ann. § 27–5–102 (1980). The legislature has established ten days as the time for taking the appeal, Tenn.Code Ann. § 27–5–101 (1980), and made the filing of a bond with good security, or pauper's oath, a prerequisite to granting the appeal. Tenn.Code Ann. § 27–5–103 (Supp.1988).

Although Tenn.Code Ann. § 27–5–103 does not specifically say where the bond is to be filed, it is clear from Tenn.Code Ann. § 27–5–105 (1980) and the cases construing the statutory procedure that the bond is to be filed in the court from which the appeal is taken. *See Chapman v. Howard,* 71 Tenn. 363 (1879); *Hoback Motor Co. v. Kyle,* 10 Tenn.App. 306 (1929). It is then the duty of that court to forward the papers to the clerk of the circuit court. *See Spencer v. Dixie Finance Co.,* 205 Tenn. 485, 327 S.W.2d 301 (1959). That duty now falls on the clerk of the general sessions court, Tenn.Code Ann. § 27–5–105, whereas it previously fell on the justice of the peace himself. *See Chapman v. Howard,* 71 Tenn. at 363. Since the record does not show whether a city court clerk has been appointed in Red Boiling Springs, we presume that the duty to

forward the papers to the circuit court clerk is imposed on the city judge in this case.

As the facts of this case show, the defendant did not properly perfect his appeal from the city court. He argues, however, that it is not necessary to pray for and be granted an appeal in the city court and that filing a bond with the clerk of the general sessions court satisfies the bond requirement. The record shows that the bond was filed with the circuit court clerk and included with the papers in the circuit court. It may be that the circuit court clerk also serves as the clerk of the general sessions court. The record is silent on that point, however. Therefore, we will assume that the defendant's second argument is that filing a bond with the circuit court clerk is sufficient.

■ As to the first argument, we agree with the defendant. In *Spencer v. Dixie Finance Co.*, 205 Tenn. at 493, 327 S.W.2d at 304, our Supreme Court said:

When the papers show, and it is not rebutted, that the bond or the pauper's oath was filed within the statutory time and this bond or pauper's oath contained the language, appeal prayed and granted, the mere fact that it appears that counsel did not actually go before the Judge and pray an appeal which was granted, has no effect whatsoever on it because the mere statement in the papers and the filing of them by the magistrate or the General Sessions Judge with the Circuit Court is sufficient within itself.

The result in *Spencer* is consistent with Tenn.Code Ann. § 19–1–118 (1980), which requires that cases coming up to the circuit court from the general sessions court be tried on the merits without regard to formalities in procedure.

■ As to the defendant's second argument, that filing a bond in the office of the circuit court clerk is sufficient, we cannot agree. The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it. *See Chapman v. Howard*, 71 Tenn. at 363. We

share the view "that when our Tennessee cases are examined, that the rule seems to be now settled, that the bond in some form must be tendered and accepted by the Justice of the Peace within the time provided by statute...." *Hoback Motor Co. v. Kyle*, 10 Tenn.App. at 309.

Although the defendant does not specifically argue that substantial compliance with the statutory procedure is all that is required, there is some support for that view. In *McCarver v. Jenkins*, 49 Tenn. 629 (1871), the plaintiff recovered a judgment against the defendant before a justice of the peace. The record contained an appeal bond dated the date of the judgment, but did not show that an appeal had been prayed and granted. In the circuit court, the plaintiff called the justice who had rendered the judgment; the justice testified that an appeal had been prayed and granted, but that the bond was filed three days late. The Supreme Court held that an appeal had been properly perfected, saying that "[a] substantial compliance is all that is necessary." *Id.* at 632.

In nearly every subsequent case, however, the holding in *McCarver* has been very narrowly construed. *See Howard v. Long*, 71 Tenn. 207 (1879); *Chapman v. Howard*, 71 Tenn. at 363; *Poindexter v. Cannon*, 2 Tenn.Cas. 290, 2 Shannon 290, 1 Leg.Rep. 205 (Tenn.1877). We know of no case that says an appeal bond without a surety filed in the circuit court substantially complies with the statutory provisions governing appeals from inferior courts.

■ We conclude that the defendant did not properly perfect his appeal to the circuit court. Therefore, the circuit court did not have any jurisdiction over the controversy. The judgment of the circuit court is reversed and the appeal of the defendant is dismissed. Tax the costs on appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.