# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 27, 2002 Session

## CITY OF GATLINBURG, TENNESSEE v. JAMES ODOM, D/B/A THOMAS KINCADE GALLERIES

**Appeal from the Circuit Court for Sevier County**
**No. 2001-122-II    Richard R. Vance, Judge**

**FILED JULY 22, 2002**

**No. E2001-02934-COA-R3-CV**

On nine separate occasions, the defendant was cited to the Gatlinburg Municipal Court by the City of Gatlinburg for building without a permit. The citations were consolidated for trial on October 17, 2001. Following an adverse ruling, the defendant attempted to appeal to the Sevier County Circuit Court. In doing so, he filed his appeal bonds in the circuit court. The City moved to dismiss the appeals, contending that the appeal bonds should have been filed in the municipal court. The circuit court dismissed the appeal, finding that it had no jurisdiction of the appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Boyd W. Venable III, Sevierville, Tennessee, for the appellant, James Odom, d/b/a/ Thomas Kincade Galleries.

Ronald E. Sharp, Sevierville, Tennessee, for the appellee, City of Gatlinburg, Tennessee.

## OPINION

It is undisputed that the defendant failed to file his appeal bonds with the clerk of the municipal court. Instead, he filed them with the clerk of the circuit court. The subject of bonds "for

the costs of the appeal" from a municipal court to a circuit court is addressed in T.C.A. § 27-5-103 (2000).[1]  "Although [T.C.A.] § 27-5-103 does not specifically say where the bond is to be filed, it is clear from [T.C.A.] § 27-5-105 (1980) and the cases construing the statutory procedure that the bond is to be filed in the court from which the appeal is taken."  *City of Red Boiling Springs v. Whitley*, 777 S.W.2d 706, 707 (Tenn. Ct. App. 1989) (citations omitted).  *See also* *Fry v. Cermola*, C/A No. 03A01-9507-JV-00246, 1996 Tenn. App. LEXIS 53, at *9 (Tenn. Ct. App. E.S., filed January 29, 1996); *City of Gatlinburg v. Bell*, C/A No. 03A01-9412-CV-00431, 1995 Tenn. App. LEXIS 172, at *7 (Tenn. Ct. App. E.S., filed March 17, 1995); *City of Brentwood v. Roberts*, C/A No. 01A01-9307-CV-00293, 1994 Tenn. App. LEXIS 246, at *3 (Tenn. Ct. App. M.S., filed May 4, 1994); *Simms Elec., Inc. v. Roberson Associates, Inc.*, C/A No. 01A01-9011-CV-00407, 1991 Tenn. App. LEXIS 205, at *4-*5 (Tenn. Ct. App. W.S., filed April 3, 1991).

"The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality.  The appeal is not perfected without it."  *City of Red Boiling Springs*, 777 S.W.2d at 708.

In the absence of a properly-perfected appeal, the court to which the matter is ostensibly appealed is without jurisdiction to hear the appeal.  *Id.*

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellant, James Odom.  This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1] T.C.A. § 27-5-103(a) provides as follows:

> Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.