# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 17, 2012 Session

## ALLISON JACOB ET AL. v. ALEXIS PARTEE and TOM BEDELL, JR. V. TOP GUN BODY SHOP

### Direct Appeal from the Circuit Court for Shelby County
#### No. CT-004519-10      Robert L. Childers, Judge

---

### No. W2012-00205-COA-R3-CV - Filed August 10, 2012

---

Appellants attempted to appeal the decision of the General Sessions Court to the Circuit Court without filing an appeal bond, but the Circuit Court dismissed the attempted appeals for lack of subject matter jurisdiction. Appellants claim that an appeal bond need not be filed where an appeal filing fee is paid. We find that, to perfect an appeal from General Sessions Court to Circuit Court, an appeal bond must be filed; payment of the appeal filing fee does not satisfy this jurisdictional requirement. Accordingly, we affirm the trial court's dismissal of the matter.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

James B. "Trey" McClain, III, Memphis, Tennessee, for the appellants, Alexis Partee and Tom Bedell, Jr.

William E. Friedman, Memphis, Tennessee, for the appellant, Top Gun Body Shop

Randall J. Fishman, Richard S. Townley, Memphis, Tennessee, for the appellee, Allison Jacob

## OPINION

### I. FACTS & PROCEDURAL HISTORY

On November 5, 2009, Appellee Allison Jacob filed an action in the Shelby County General Sessions Court against Appellants Alexis Partee and Tom Bedell, Jr., alleging personal injuries and property damages sustained as a result of an automobile accident that occurred on or about April 28, 2009. Appellants Partee and Bedell then filed a civil warrant against Appellant/Third-Party Defendant Top Gun Body Shop alleging its negligent repair of Ms. Jacob's vehicle.

Following a bench trial, the General Sessions Court entered an Order of Judgment, on August 25, 2010, finding Appellants Partee, Bedell and Top Gun Body Shop jointly and severally liable for Ms. Jacobs damages of $19,693.52. However, it awarded Partee and Bedell an indemnity award of $12,788.00 against Top Gun Body Shop.

On August 25, 2010, Top Gun Body Shop filed its Notice of Appeal to the Circuit Court and it paid the $211.50 appeal filing fee. On September 2, 2010, Partee and Bedell also filed their Notice of Appeal and they paid the $211.50 appeal filing fee.[1] Neither Top Gun Body Shop nor Partee and Bedell filed a timely appeal bond.[2]

On September 14, 2011, Ms. Jacob filed a Motion to Dismiss and a memorandum in support thereof, claiming that because Appellants had failed to file a timely appeal bond, the Circuit Court lacked subject matter jurisdiction. Following a hearing on December 1, 2011, the Circuit Court granted Ms. Jacob's motion and dismissed the matter with prejudice. Appellants timely appealed the dismissal to this Court.

### II. ISSUE PRESENTED

Appellants present the following issue for review, as summarized:

1.  Whether a party appealing from a General Sessions Court judgment, who pays the appeal filing fee, must also file an appeal bond.

---

[1]The parties' Notices of Appeal indicate only "Filing Fees Paid" without listing the specific fees paid. However, Ms. Jacob does not dispute that Appellants paid $211.50–the standard filing fee.

[2]In response to Ms. Jacob's Motion to Dismiss, Top Gun Body Shop filed a Cost Bond on September 26, 2011.

For the following reasons, we find that, to perfect an appeal from General Sessions Court to Circuit Court, an appeal bond must be filed; payment of the appeal filing fee does not satisfy this jurisdictional requirement. Accordingly, we affirm the trial court's dismissal of the matter.

## III. STANDARD OF REVIEW

In this case, the trial court granted Ms. Jacob's motion to dismiss because it determined that it lacked subject matter jurisdiction over Appellants' claims. The existence or non-existence of subject matter jurisdiction is a question of law. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)). Thus, our review of the trial court's jurisdiction determination is de novo, without a presumption of correctness. *Id.* (citing *Nelson*, 8 S.W.3d at 628).

## IV. DISCUSSION

### A. Perfection of Appeal from General Sessions Court to Circuit Court

Tennessee Code Annotated section 27-5-108(a)(1) provides that "[a]ny party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." Chapter five, addressing "Appeals from General Sessions Court," further provides that

(a) Before the appeal is granted, the person appealing *shall give bond with good security,* as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.

(b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

**Tenn. Code Ann. § 27-5-103** (emphasis added).

As stated above, it is undisputed that Appellants failed to file an appeal bond within ten days of entry of the General Sessions Court judgment.[3] However, on appeal, Appellants contend that an appeal *bond* is unnecessary when an appeal *filing fee* is paid and they

---

[3]In their brief to this Court, Appellants Partee and Bedell use the terms "filing fee" and "appeal bond" interchangeably; however, they do not dispute that they paid only the $211.50 filing fee and that no bond securing further costs was given.

maintain that payment of the filing fee in lieu of a bond is the accepted practice in Shelby County.

In support of their contention, Appellants rely upon Tennessee Code Annotated section 8-21-401, entitled "Fees for particular services," which provides in relevant part:

(a) Except as otherwise provided by law, the costs provided in this section in civil cases are chargeable and may be collected at the time the services are requested from the clerk or other officer of the court . . . . *If a party, other than a party who initiated a proceeding under a pauper's oath, pays costs at the time the services are requested, such payment shall be deemed to satisfy the requirement for security to be given for costs, pursuant to § 20-12-120. . . .*

(b)(1)(C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150)[4] at the institution of a case:

(i) Appeals to the circuit . . . court from . . . general sessions court[.]

According to Appellants, section 8-21-401 was intended to clarify the undefined phrase of "bond with good security" as used in section 27-5-103. Appellants maintain that when sections 27-5-103 and 8-21-401 are read together, "it is clear that payment of the 'standard court cost' . . . is the equivalent of the 'bond with good security . . . for the cost of the appeal[.]'" They claim the effect of section 8-21-401 "was to discontinue the practice of requiring surety and cost bonds" except in limited circumstances, and thus, that section 27-5-103 no longer requires the filing of an *appeal bond* so long as the *appeal filing fee* is paid. Alternatively, Appellants contend that if the statutes cannot be construed harmoniously, that section 8-21-401 repealed prior-enacted section 27-5-103 by implication.[5]

We disagree with Appellants' assertions on appeal. When sections 27-5-103 and 8-21-401 are viewed in context and the statute referenced therein considered, it is clear that: 1) sections 27-5-103 and 8-21-401 are not irreconcilable so as to warrant an implicit repeal

---

[4]According to Appellants Partee and Bedell, after various taxes are added to the $150.00 filing fee, the total court cost for initiating an appeal is $211.50.

[5]In her brief to this Court, Ms. Jacobs argues that we should not consider the repeal by implication issue because it was not raised in the trial court. However, based upon the apparent confusion in the trial courts regarding the requirements of sections 27-5-103 and 8-21-401 as well as the lack of a transcript or statement of the evidence to aid in identifying the issues raised below, we decline to consider the issue waived.

of section 27-5-103; and 2) payment of an appeal filing fee does not satisfy the jurisdictional requirements of section 27-5-103.

At the outset, we reject Appellants' argument that the terms "appeal filing fee" and "appeal bond" are synonymous. An "appeal bond" is "[a] bond that an appellate court may require from an appellant in a civil case to ensure payment of the costs of appeal." **Black's Law Dictionary (9th ed. 2009)**. A "filing fee," however, is "[a] sum of money required to be paid to the court clerk before a proceeding can start." **Black's Law Dictionary (9th ed. 2009)**. As conceded by Appellants during oral argument before this Court, the costs of an appeal could exceed the $211.50 appeal filing fee. Thus, an appeal bond is necessary to ensure payment of costs beyond $211.50.

Similarly, we reject Appellants' contention that section 27-5-103 failed to "hereinafter provide[]" a definition for the requirement of a "bond with good security[,]" and therefore, that we must look to section 8-21-401 to determine what is meant by such phrase. Section 27-5-103(a) states that an appellant "shall give bond with good security, as hereinafter provided, for the costs of the appeal . . . ." The immediately following subsection provides that "[a]n *appeal bond* . . . shall be considered sufficient if it secures the cost of the cause on appeal." The requirements of a "bond with good security" could not be more clear: an appeal bond which secures all costs incurred throughout the appeal, as opposed to an initial appeal filing fee, is required.

Because we find sections 8-21-401 and 27-5-103 complementary, we, likewise, find no merit in Appellants' claim that section 8-21-401 repealed section 27-5-103 by implication. *See Hayes v. Gibson County*, 288 S.W.3d 334, 337 (Tenn. 2009) (quoting *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn. 1995)) ("Repeals by implication . . . are disfavored in Tennessee, and . . . 'will be recognized only when no fair and reasonable construction will permit the statutes to stand together.'"). Title 27 Chapter 5 of the Tennessee Code governs the perfection of appeals from the decisions of Municipal Officers and General Sessions Courts. As stated above, pursuant to Tennessee Code Annotated section 27-5-108(a)(1), a General Sessions Court decision may be appealed to the Circuit Court as of right within ten days "on complying with the provisions of [chapter 5.]" **Tenn. Code Ann. § 27-5-108(a)(1)**. Chapter 5 further provides, in section 27-5-103, that "[b]efore the appeal is granted, the person appealing *shall give bond with good security . . . for the costs of the appeal*, or take the oath for poor persons." **Tenn. Code Ann. § 27-5-103(a)** (emphasis added); *see also Sturgis v. Thompson*, --- S.W.3d ----, No. W2010-02024-COA-R3-CV, 2011 WL 2416066, at *2 (Tenn. Ct. App. June 13, 2011) *perm. app. denied* (Tenn. Sept. 21, 2011) ("A de novo appeal to circuit court is perfected only after both the notice of appeal and the appeal bond or affidavit of indigency has been filed.") (citations omitted).

In contrast, section 8-21-401 does not address jurisdictional prerequisites, but instead it merely sets forth a schedule of "[f]ees for particular services." In fact, the preamble of the 2005 amendment states that a committee was formed to "examine court costs and fees in all Tennessee Courts and [to] make recommendations . . . regarding uniformity, simplification and appropriateness of fees" and that the committee completed its study and presented its recommendations in a proposal designed to "substantially simplify the administration of court costs and fees while providing for greater uniformity and fairness of costs[.]" **2005 Pub. Acts. c. 429**.

Moreover, a close examination of the section 8-21-401 language relied upon by Appellants further refutes their contention that sections 27-5-103 and 8-21-401 set forth different requirements for perfecting an appeal from General Sessions Court to Circuit Court. Again, section 8-21-401 states in relevant part that

> If a party, other than a party who initiated a proceeding under a pauper's oath, pays costs at the time the services are requested, such payment shall be deemed to satisfy the requirement for security to be given for costs, *pursuant to § 20-12-120.*

**Tenn. Code Ann. § 8-21-401(a)** (emphasis added). Section 20-12-120, however, does not in any way address the requirements for perfecting an appeal from the General Sessions Court to the Circuit Court. Rather, section 20-12-120 provides that

> No *leading process* shall issue from any court without security being given by the party at whose instance the action is brought for the successful prosecution of the party's action, and, in case of failure, for the payment of court costs and taxes that may be awarded against the party, unless in cases and instances specially excepted.

**Tenn. Code Ann. § 20-12-120** (emphasis added). By its terms, section 8-21-401 provides only that the payment of certain "costs" will satisfy the "security" requirement to allow the issuance of *leading process*. Section 8-21-401 does not repeal or otherwise modify the requirements of section 27-5-103.

### B.  Appeal Bond is Not a Formality

Having determined that payment of the appeal filing fee does not satisfy the jurisdictional requirements of section 27-5-103, we must now consider Appellants' argument that their failure to file an appeal bond should be excused pursuant to Tennessee Code Annotated section 16-15-729, which provides that "No civil case, originating in a general

sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits[.]" **Tenn. Code Ann. § 16-15-729**.

Appellants label their failure to file an appeal bond as a "procedural deficienc[y]" for which they claim dismissal is inappropriate. Moreover, they maintain that the requirements of section 27-5-103 are ambiguous, and therefore, that any ambiguity must be construed "in favor of jurisdiction with the Circuit Court." As stated above, we disagree with Appellants' assertion that "bond with good security" is not sufficiently defined by section 27-5-103. Moreover, this Court has previously determined that "[t]he requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it." *City of Red Boiling Springs. v. Whitley*, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) (citation omitted). Appellants attempt to distinguish *City of Red Boiling Springs* by noting that it involved an appeal bond filed in the wrong court and they argue that in the instant case "the appeal bond was not only paid within ten (10) days of the judgment, it was paid to the [correct court]." Despite their creative interchange of terms, however, no timely appeal *bond* was filed in this case at all and we decline to characterize such error as an "informality."

In conclusion, we hold that perfection of a de novo appeal to Circuit Court requires the timely filing of a notice of appeal and the timely filing of either an appeal bond or an affidavit of indigency. **Tenn. Code Ann. §27-5-103**; *see also Sturgis*, 2011 WL 2416066, at *2 (citations omitted). Payment of the appeal filing fee does not satisfy the appeal bond requirement. Because Appellants failed to timely file an appeal bond or an affidavit of indigency, the Circuit Court never acquired subject matter jurisdiction and, therefore, it properly dismissed the case as to all Appellants.[6]

---

[6]In its brief to this Court, Appellant/Third-Party Defendant Top Gun Body Shop argues that the trial court erred in dismissing its appeal because Ms. Jacob's "Motion to Dismiss for Failure to File an Appeal Bond" sought dismissal of "Defendants' appeal" without specific reference to "*Third-Party* Defendants." **(Br. 6)** Appellant Top Gun Body Shop, however, failed to raise this issue in its Statement of Issues Presented for Review to this Court. *See Petty v. City of White House*, No. M2008-02453-COA-R3-CV, 2009 WL 2767140, at *3 (Tenn. Ct. App. Aug. 31, 2009) (citations omitted). Moreover, any failure by Ms. Jacob to specifically seek dismissal of the Third-Party Defendant is not fatal because the issue of subject matter jurisdiction may be raised at any time. *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010 (quoting *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988)).

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the Circuit Court. Costs of this appeal are taxed to Appellants, Alexis Partee, Tom Bedell, Jr., and Top Gun Body Shop, and their sureties, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.