IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 22, 2013 Session

WILLIE BEVERLY, Deacon of Antioch Baptist Church v. FARM BUREAU
INSURANCE and TENNESSEE FARMERS INSURANCE COMPANY

Direct Appeal from the Circuit Court for Haywood County
No. 4054     Clayburn Peeples, Judge

No. W2013-00619-COA-R3-CV - Filed June 19, 2013

A general sessions judgment was appealed to circuit court. In the circuit court, the Plaintiff filed a motion to dismiss the appeal, claiming that there were errors in the Defendant's notice of appeal and appeal bond that rendered the documents ineffective. The circuit court denied the motion, and the case was resolved on its merits. The Plaintiff appeals, arguing that the circuit court should have dismissed the appeal based on the alleged errors in the notice of appeal and appeal bond. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, Willie Beverly, Deacon of the Antioch Baptist Church

Andrew H. Owens, Memphis, Tennessee, for the appellee, Farm Bureau Insurance and Tennessee Farmers Insurance Company

# MEMORANDUM OPINION[1]

## I.  FACTS & PROCEDURAL HISTORY

This case originated in the general sessions court of Haywood County.  Willie Beverly, Deacon of Antioch Baptist Church ("Plaintiff"), filed suit against Farm Bureau Insurance ("Defendant") due to its refusal to pay a claim filed by the church.  The general sessions court entered judgment in favor of the Plaintiff.

Within ten days, Defendant timely filed a notice of appeal and an appeal bond in the general sessions court of Haywood County in an effort to appeal the case to circuit court.  It then filed a motion for a trial date and a notice of hearing in the circuit court of Haywood County.  Plaintiff then filed a motion to dismiss Defendant's appeal.  Plaintiff claimed that the appeal should be dismissed because the appeal bond and notice of appeal filed by Defendant had, at least at one time, erroneously stated *Shelby* County rather than *Haywood* County in two locations in the documents.  The notice of appeal was correctly filed in the general sessions court of Haywood County, and it contained a caption referring to the general sessions court of Haywood County, but in the text of the document, it stated, "I, Farm Bureau Insurance and Tennessee Farmers Insurance Company, Appellant do hereby give notice that I desire to appeal the decision rendered in this case on 4/12/12 to the Circuit Court, ~~Shelby~~ Haywood County, Tennessee."  The typewritten word "Shelby" was stricken, and the word "Haywood" was handwritten beside it.  Likewise, the appeal bond for costs had a caption referring to the general sessions court of Haywood County, but the body of the document stated that the surety was "held and firmly bound unto the Circuit Court Clerk of ~~Shelby~~ Haywood County, Tennessee for payment of all costs awarded against the Principal."  The documents were signed and stamped "filed" by the Haywood County general sessions clerk.

Plaintiff alleged that these errors in the notice of appeal and appeal bond prevented the Defendant from properly perfecting its appeal, and therefore, the circuit court of Haywood County never acquired subject matter jurisdiction.

Defendant filed a response in which it argued that the two references to Shelby County were a simple oversight that did not require dismissal of the appeal.  According to

---

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Defendant's response, the court clerk had corrected the error with the permission of Defendant's counsel by striking out Shelby and writing in Haywood in the two locations at issue, so that the documents were corrected to name the correct county. However, there was no evidence presented to this effect. In the event that the court determined that the filed documents remained defective, despite the correction, Defendant sought permission to amend the documents to formally name the correct county.

The trial court held a hearing on the motion, but no evidence was presented. After hearing arguments of counsel, the trial judge announced that he did not intend to dismiss the appeal. The judge noted that although the documents appeared to be Shelby County forms, the word "Shelby" had been stricken and "Haywood" was inserted, and the documents were filed in the correct court. Thus, the trial judge concluded that the documents were sufficient and that it was not necessary to amend them. Counsel for the Defendant asked the trial court to nevertheless grant its motion to amend, apparently in an abundance of caution. The judge granted the motion to amend, but he noted that the documents had already been amended and that he did not think that granting the motion to amend would change anything.

After the hearing, the trial court entered an order finding that it had jurisdiction over the matter in spite of the alleged errors in the notice of appeal and the appeal bond. The order stated that the amendments were allowed by the court. The proceedings continued in circuit court, and Defendant was ultimately awarded summary judgment. Plaintiff timely filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

On appeal, Plaintiff argues that the circuit court should have dismissed Defendant's appeal. Plaintiff frames the issues as follows:

1. Are an appeal bond and a notice of appeal to the circuit court from the general sessions court a procedure rule or a jurisdictional rule?
2. If the bond and notice are jurisdictional rules, can a circuit court grant relief for a failure to comply strictly with the rule's requirements?

For the following reasons, we affirm the decision of the circuit court.

## III. DISCUSSION

At the outset, we note our agreement with Plaintiff's basic assertion on appeal that the filing of a notice of appeal and appeal bond is mandatory and jurisdictional.

As previously stated by this Court, "[t]he only way that a circuit court may acquire subject matter jurisdiction over a case litigated in a general sessions court is through the timely perfection of a de novo appeal." *Univ. Partners Dev. v. Bliss*, No. M2008-00020-COA-R3-CV, 2009 WL 112571, at *3 (Tenn. Ct. App. Jan. 14, 2009) (citing *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *8 (Tenn. Ct. App. Jan. 29, 2008)). In order to properly perfect an appeal from general sessions court, the appealing party must file a notice of appeal and pay a cost bond within ten days of the general sessions court entering its final judgment. *Id.* (citation omitted). "The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it." *City of Red Boiling Springs v. Whitley*, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) (citing *Chapman v. Howard*, 71 Tenn. 363 (1879)).

**Carter v. Batts**, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011).

However, we disagree with Plaintiff's assertion that the facts of this case require dismissal of Defendant's appeal. The record before us contains a notice of appeal and a cost bond that were filed in the correct general sessions court, within ten days of the challenged judgment. The text of each document contains the word "Haywood" handwritten beside the stricken word "Shelby." However, there is nothing to indicate to this Court that the documents were not in this same form, already amended to list the correct county, when they were filed. Thus, we find no deficiency that would require dismissal of Defendant's appeal, and we affirm the trial court's decision to deny the motion to dismiss.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed. Costs of this appeal are taxed to the appellant, Willie Beverly, Deacon of Antioch Baptist Church, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.